Per curiam.
On the trial it was proved by the plaintiffs that they did then, and for about twenty years preceding had lived on De Bruyn’s patent; that they had a houfe and orchard and 28 acres adjoining the fame, as early as 20 years preceding, and that they held other parcels of land; that the patent was divided in 1793, and the plaintiffs then took aélual pofíéfíion of the loci in quibus, which were uncleared wood lots, and that the defendants had cut wood in fome of them ; that in 1796, the plaintiffs had leafed parts of the lots contained in the declaration; that the plaintiffs claimed the whole of their lands in De Bruyn’s patent, under the will of Stephanus Van Alen ; that their mother was Hyletje, a daughter of Stephanus Van Alen ; that in 1751 or in 1752, ihe lived where the plaintiffs now do on the patent, and- the *87 plaintiffs then lived with her; that the land near the houfe was then cleared ; that Hyletje died in 1767, and other parcels were cleared by that time, or at leaft by 1772 ; that one piece was cleared in 1761, and then in pofleflion of the plaintiffs; that Stephen Van Alen, the teftator, had a fon Comelius, who had a fon Stephen, who had a fon Cornelius, each of whom was the eldeft fon in fucceflion.
On the part of the defendants, the will of Stephanus Van Alen was produced, bearing date 17th of May 1740. It was proved that the teftator left three fons, and that two of them died above fifty years ago without iffue ; that Maria was the daughter of Lawrence, the eldeft fon of Stephanus, and who died in the life time of his father; that Maria married, at the age of 20, one Herkemer, and in 1776 or 1777 went to Canada to her huíband; that her huiband died in 1795, and that ever lince ihe relided in Canada. The defendants then offered a deed to them from Maria Herkemer, dated January 8,1800, but this was overruled : that the defendants further proved, that in 1799, the fon of Maria Herkemer offered the premifes for fale to the plaintiffs for £-ioo; that the plaintiffs offered a price but no bargain was concluded; that, a few days after, one of the plaintiffs admitted that Maria Herkemer was heir to one ninth of his land—the deed was then offered again and rejedted—the defendants further proved, that in 1751 or 1752, on a divifion of part of De Bruyn’s patent, and which was after the death of Stephanus, his eldeft fon Cornelius acted as agent for the ihare of Stephanus, and claimed, befides his own ihare under his father’s will, one third of the two ihares of his two brothers who were dead ; that Henry Van Dyck claimed a ninth part of the patent, and that Hyletje and the plaintiffs after her claimed the whole ihare of Stephanus ; that about that time Cornelius took pofleflion of part, and paid four-ninths of the cofts of an ejectment fuit in defending the land, and that the plaintiffs paid five-ninths of the cofts; that on the divifion of the patent in 1793, the ihare of Stephanus was defignated as laid out for his reprefentatives. It was further proved that the plaintiffs had offered £.100 for Maria Herkemer’s ihare, and one of the plaintiffs faid Maria had a right to money and not land by the will: that at another time (about 4 years ago) one of the plaintiffs confeffed he meant to buy a part of the premifes of *88 Mrs. Herkemer: that Cornelius Van Alen, the fon of Stephen who was the fon of Cornelius, had for many years uninterruptedly cut wood in feveral of the lots mentioned in the narration, and that, as well before as lince the divifion in 1793, and that he, for feveral years paft, had in poffeffion, and Hill has two pieces of land in the land allotted to the ihare of Stephanus Van Alen : the deed of Mrs. Herkemer was again offered and refufed, and a verdidt taken for the plaintiffs.
It appears, by the will of Stephanus Van Alen* referred to in the cafe, that he gave to his “ three fons, to wit, Cornelius, Jacobus, and Ephraim, and their heirs, all his lands or Jhare in the De Bruyn’s patent, each an equal third part, with a proviib or reftridtion that they ihould pay to his daughters Hyletje, Elbertje, Jannetje and Chriftina and to his grand-daughter Maria (daughter of his deceafed fon Lawrence) each ^".12:10:0 in fix equal payments : and that if any of the faid children, or the grandchild ihould die under age or without ifiiie, the portion of fuch child or grandchild to be divided equally among the furvivors : the teftator further defined his faid three fons, that in cafe any of his faid daughters ihould be inclined to purchafe of them the land in De Bruyn’s patent for a living for herfelf and family, that then they let fuch of his daughters have it at the fame price they had it for.”
This controverfy, upon a ftatement' of fatis fubilantially the fame with that in the prefent cafe, was formerly brought into view before this court and received a decifion in April term 1801. It came before the court upon a motion for a new trial for mifdiredtion of the Judge who had charged the jury that the law was with the defendants, and who had admitted the deed of Maria Herkemer. A new trial was awarded by the court, and it is in confequence of fuch new trial that the prefent application is made.
In the former cafe it appeared that the plaintiffs claimed the loci in quibus as fons of Hyletje, the eldeft daughter of Stephanus Van Alen : that the defendants claimed under the recent deed of the widow Herkemer, and that her right arofe under the will, ihe having furvived the two fons of the tefta *89 tor, both of whom had died without ifiue 55 years before the trial, when her right accrued, and that ihe claimed an undivided fixth part of two third parts of the teftator’s intereft in the patent.
The court then decided,
1. That a deed from Cornelius to his iifter Hyletje might he prefumed from her "entry fifty years before and uninterrupted pofieifion in her children fince, according to ihe nature
and fttuation of the land; and that this preiumption was the more readily to be made fince ihe had a right by the will to claitn a deed and had intimated her wiih accordingly.
2. That if this was not fo, yet that the deed of the widow Herkemer was void, for fire being out of pofieifion and no demand or claim by her huiband or her for forty-two years after ihe came of age, the jury ought to have been directed.
to prefume an oujler, and that if oufted, ihe could not convey. The cafe iti. 1 Leon. 166* was referred to as proving that a feme covert, whilft feme covert might be difieized, fo as to render her deed before re-entry, maintenance. The firft enquiry that naturally arifes in this cafe, is, whether there be any change in the facts fufficient to change the conclufions of law that were drawn in the former cafe ?
1. With refpeft to the prefumption that Hyletje received a deed from hér brother Cornelius, the fame facts are here to warrant it.
It appears that by the will of her father, an election was given to any of the daughters to purchafe the premifes and a truft was raifed in the will for that purpofe; that Hyletje "entered upon the premifes with her children as early as 1751 or 1752, and after her father’s death, and claimed the whole ihare of Stephanus ; that ihe continued in pofieifion till her death in 1767, and that her fons have remained in pofieifion of the loci in quibus down to the prefent day, and have alfo claimed the whole ihare of the teftator ; that this entry and pofiefiion of Hyletje muft have been with the knowledge and aflent of the other children, and have pafied under their eye, for it appears that on the divifion of the patent in 1751 or 1752, Cornelius, the fon of the teftator, was prefent and claimed the whole of his father’s ihare, and took pofieifion of part; that this poiTeifion muft foon thereafter have been abandoned, fince we find within the fame year Hyletje in pof *90 feffion, and this claim muft ibon thereafter have ceafed, fince we pear no more of it, and the claim of Hyletje remained fanet'mned by pofleflion ; that the pofleflion was fuch as the fubjéit was iufceptible of, it being underftood that a large part of the premifes was uncleared pine land, and from all thefe circumftances there arifes a ftrong and unihaken prefumption of right. A deed is juftly, if not necejfarily to be prefumed, and confiderations of public convenience and found policy will, under fuch circumftances of ancient and continued poiTeflion by colour and claim of right, require the prefumption. We are therefore clearly of opinion that the decifion in the former cafe applies and governs the prefent one on the firft point, and that the verdift is right and ought to ftand, whatever, may be our opinion as to the legal operation of the deed of Mrs. Herkemer. But,
2. We think that we are alfo bound by the former de« cifion to confider the deed of Mrs. Herkemer as void, and that the fame facts are ftated in this cafe to lead to the fame refult. Her right, under the will, and upon the death of her two brothers, had accrued upwards of fifty years before the trial. Concurrently with the commencement of her right, Hyletje had entered under a claim to the whole ihare of her father, and under a right to eleft and demand a deed for the fame. This entry and enjoyment of the premifes muft have been adverfe to the claim of her niece, and her pofleflion continued down in her and her fons, had every appearance of an exclufive and independent pofleflion. One ftrong mark of exclufive ownerihip was the extenfion of the clearings from time to time, and this in purfuance of a claim to the whole iliare of the teftator made by Hyletje and her fons. It does not appear that from the time of the commencement of the right of Mrs. Herkemer down to the date of her deed in 1800, a period of about fifty years, that ihe ever aflerted her right, or received or claimed any ihare in the profits of the premifes, and that an adverfe claim of pofleflion was conftantly before her. Thefe fails undoubtedly amount to an oufter, and when the court in the former decifion faid that the jury ought to have been direSled to prefume an oajler, the decifion undoubtedly was,,that the law raifed this prefumption, and that the jury were not at liberty to refift it; that it was a prefumption of law arifing from fails, and if fo, it would not be the exer-
*91 ¿1 cife of found difcretion—it would be an idle and ufelefs aft, to remand this caufe back to another jury, in order that the deed might be admitted, and then that the jury might under the direftion of the court, prefume an oufter, Unce we. perceive that the fafts require that prefumption—lince the law raifes and draws that prefumption from fafts of which there is no controverfy and no other prefumption can be warranted. The deed was illegal evidence when it appeared that the grant- or’s right at the time of the execution of the deed, confifted in a right of aftion merely. The confeffions of the plaintiffs made within a few years paft, acknowledging the right of Maria by offers to purchafe, whether made for the fake of peace or from a conviftion of her right, are not inconiiftens with the faft of the oufter ; for, admitting her claim to have been turned into a naked right, thefe confeffions might equally have been made. They do not therefore weaken the conclulion drawn, or refulting from the antecedent fafts.
Our opinion accordingly is, that the defendants take nothing by their motion.
The reporter has been favoured with a minute of the reafons on which his honour Mr. J. Radcliff founded his concurrence with the opinion of the court, and though the refult is the fame, it is conceived the profeifion will be thankiul for its infertion.
“ The material fafts and circumftances appearing on the fecond trial of this caufe are in my opinion effentially the fame with thofe on the former trial, and the refult therefore ought to be the fame.—On that occafion we decided,
“ lit. That from the long and uninterrupted poifeifion of Hyletje, the filter of Comehus Van Alen, and her right to claim a deed under the will of Stephanus Van Alen, fuch deed might be frefumed under the circumftances of the cafe.
“ ad. That the deed from the widow Herkemer was mid, Ihe being aftually out
Of poifeifion at the time it was made and for a great length of time before, and the jury ought therefore to be direfted to f refume and oufer, and if oufted ihe could not lawfully convey.
“ 3d. That although a feme covert ihe might be d'ffeifed fo as to render her deed maintenance, and 1 Leon. 166 was cited to that eifeft. The faving in the ftatute
of limitations alfo implies that feme comerte and infants may be diffeifed.
“ On thefe grounds a new trial was awarded, and I think nothing new has appeared to change the merits on thefe points. The teft'imony of Mr. Gardinier and P. Van Nefs, which has been principally relied upon by the defendants, whether confidered as evidence of negociations for a compromife or otherwlfe, does not tend to difprove the faft of poffeiuon in the plaintiffs, or to deftroy the prefumption of an oufter of the widow Herkemer. Thefe witneffes teftified to overtures between the parties orto verbal declarations of the plaintiffs merely, and did not prove the exiftence of any faft, relative to the poifeifion, materially different from what appeared on the former trial.
“The deed Of Mrs. Herkemer, therefore, I continue tethink, was properly excluded,”

 He claimed one ninth of the patent, amounting to 900 acres, chiefly pine land.