ANN KELLY, Respondent, *v.* JAMES KELLY et al., Appellants.

The will of K., after devising and bequeathing all his estate to his two children, contained a clause giving the whole estate, in case of the death of one, to the surviving child, and in case of the death of both to two nephews. By a subsequent clause he expressed a desire that the property should not be sold or mortgaged until his youngest child arrived at the age of twenty-one. No power of sale was given to the executors. *Held*, that the death referred to was one happening in the lifetime of the testator; and that he having died leaving the two children him surviving, they took a fee and the limitation over was of no effect.

(Submitted May 15, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon a case submitted under section 372 of the Code. (Reported below, 5 Lans., 443.)

The submission was for the purpose of obtaining a construction of the will of James Kelly, late of the city of Albany, who died December 20, 1852, leaving certain real estate in said city. The clauses of the will in question are as follows:

" Second. I give, devise and bequeath unto my beloved children Mary Ann Kelly and James Kelly all the real and

personal estate of which I may die possessed, share and share alike.

" Third. I order and direct my executors, or such of them as may act, to rent out by the year, and not longer, my house and lot in State street, and apply the rent toward the payment of my debts and support of my children.

" Fourth. In case of the death of either of my said children, I devise my whole estate to the survivor, and in case of the death of both, I devise all my property, or what may then be left, to James and Michael Kelly, sons of my brother Bernard of New York, or the whole to the survivor of them.

" Sixth. It is my desire that my property might not be sold or mortgaged until my youngest child attain the age of twenty-one years."

Said Kelly left him surviving the two children named in the will, and two brothers Bernard and Thomas. His daughter died in 1854 and his son in 1866, both before they became of age, unmarried and leaving no issue. Prior to the death of the son the two brothers died. Plaintiff is the daughter of Thomas, and defendants are the two sons of Bernard named in the will. Plaintiff claimed that, as heir at law of testator's son James, she was entitled to a fee of one-half the real estate. Defendants claimed the whole under the limitation in the will. The General Term decided that each of the parties was seized in fee of an undivided one-third.

*Philip Malone* for the appellants. In the construction of a will the testator's intention is the most important element. (4 Kent's Com., 535.) The words, " in case of the death of," as used in the will, are to be construed as meaning death at any time. (2 Jar. on Wills, 470, 471, 473; *Ld. Douglas* v. *Chalmer*, 2 Ves. Jr., 501.) The court should give such a construction to every part of the will as would preserve and give effect to every part of it. (*Sweet* v. *Chase*, 2 N. Y., 73; *Arcularius* v. *Grisentainer*, 3 Brad., 64 ; *Carter* v. *Hunt*, 40

Barb., 89; 3 R. S. [5th ed.], 38, §§ 1, 2; 3 Edw. Ch., 251; 10 Paige, 140; 3 Sandf. Ch., 293; *Lane* v. *Vicks*, 3 How., 471, 472; *Carter* v. *Hunt*, 40 Barb., 89, 91; *Vandyck* v. *Van Buren*, 1 Cai., 83, 84; *Norris* v. *Beyea*, 13 N. Y., 273; *Tyson* v. *Blake*, 22 id., 558; *Chrystie* v. *Phyfe*, 19 id., 344.) The final intention of the testator must prevail, if inconsistent, over a former one. (*Cowenhoven* v. *Shuler*, 2 Paige, 122, 129; 1 Jar. on Wills, 404; *Ulrich* v. *Litchfield*, 2 Atk., 372; 3 R. S. [5th ed.], 38, §§ 1, 2.)

*Jno. W. McNamara* for the respondent. The second clause of the will devised an estate in fee to Mary Ann and James Kelly. (3 R. S. [5th ed.], 38, § 1; 5 Lans., 445.) The phrases "in case of the death," "in the event of the death," as used in the will, refer to the death of the testator, and import a contingency and not a limitation. (*Slade* v. *Milner*, 4 Mad., 144; *Crigar* v. *Baines*, 7 Sim., 40; *Clark* v. *Lubbock*, 1 Young & C., 492; *Schenck* v. *Agnew*, 4 K. & J., 405; *Hinkley* v. *Simmons*, 4 Ves., 161; *King* v. *Taylor*, 5 id., 806; *Turner* v. *Moore*, 6 id., 557; *Ornmaney* v. *Bevan*, 18 id., 291; 2 Jar. on Wills [3d Lond. ed.], 707 [2d Am. ed., 468, 469]; *Whitney* v. *Whitney*, 45 N. H., 311; *Ash* v. *Coleman*, 24 Barb., 645; *Briggs* v. *Shaw*, 9 Al. [Mass.], 516; *Ross* v. *Hill*, 3 Burr., 1881; *Moore* v. *Lyons*, 25 Wend., 119; *Converse* v. *Kellogg*, 7 Barb., 590–593; *Livingston* v. *Greene*, 52 N. Y., 124.) A bequest or devise in terms, which ordinarily would pass an absolute interest, should never be cut down into a gift for life, except where such qualification is necessary to make the whole will consistent. (*Ornmaney* v. *Bevan*, 18 Ves. [S. & P.], 291; 1 Redf. on Wills [3d ed.], 433, 434; *Briggs* v. *Shaw*, 9 Al. [Mass.], 516; *Scott* v. *Guernsey*, 48 N. Y., 106; *Lynes* v. *Townsend*, 33 id., 558.) When words and phrases have received a fixed legal interpretation by repeated decisions, they are to be so interpreted when used by a testator in his will. (*Brown* v. *Lyon*, 6 N. Y., 420; *Livingston* v. *Greene*, 2 id., 124.)

REYNOLDS, C. It seems obvious that the general intent of the testator was, to give to his two children, if they survived him, all his estate in fee simple, but in attempting to provide for possible contingencies his will is calculated to provoke some contention, by reason of events happening since his death. The devise and bequest in the second clause of the will is absolute and quite sufficient to pass a fee, but in the fourth clause it is supposed to be qualified by the provision that " in case of the death of either of my said children, I devise my whole estate to the survivor; and in case of the death of both, I devise all my property, or what may be then left, to James and Michael Kelly, sons of my brother Bernard of New York or the whole to the survivor of them."

The third clause of the will made provision for the renting of his house on State street for one year for the payment and the support of his children, and the sixth clause expressed the testator's desire that the property might not be sold or mortgaged until his youngest child should attain the age of twenty-one years. This could not very well be done in any event by the executors for no such power was conferred upon them by the will; it however goes to show that the testator intended that his children should have his estate if they survived him, and I do not perceive that the vesting of the fee was to be postponed until the youngest child attained the age of twenty-one years. I think it quite apparent that the death of the children referred to in the fourth clause of the will, upon which contingency the estate would go to the defendants, was a death happening in the lifetime of the testator, and for this construction there is much authority. (*Clarke* v. *Lubbock*, 1 Y. & C., 492; *Origan* v. *Baines*, 7 Sim., 40; *Rose* v. *Hill*, 3 Burr., 1881; *Moore* v. *Lyons*, 25 Wend., 119; *Converse* v. *Kellogg*, 7 Barb., 590; *Livingston* v. *Greene*, 52 N. Y., 124; 2 Jarman on Wills [3d London ed.], 707 [2d Am. ed., 468, 469]; *Whitney* v. *Whitney*, 45 N. Hamp., 311; *Briggs* v. *Shaw*, 9 Allen, 516). Upon the death of the testator, therefore, the fee became at once vested in the two children and the limitation over became of no effect, and the property descended

to the heirs at law of the testator who are the parties to this proceeding and inherit in equal proportions.

I do not agree to the suggestion in the opinion of the Supreme Court, that in order to carry out the intention of the testator any words need be interpolated in the will by the court. The case is to be determined upon the construction of the language which the testator has employed. If the death of his two children referred to deaths occurring in his life-time, as we feel at liberty to decide, the case is free from any difficulty. If on the contrary, as is urged by the appellants, the death of the children can be referred to those events happening after the death of the testator, a very different result must necessarily follow, for then the whole estate, by the terms of the will, was intended to and would go to the appellants. Courts have in many cases taken liberties with testaments, and supplied words which it was supposed the testator had in his mind at the time of making a testamentary disposition of his estate. This has however never been done, so far as my researches extend, except in the effort to carry out the apparent intention of the testator. It has, I think, never been attempted to defeat such intention, and never will be. If therefore by any possible legal construction the death of the children mentioned in the will, were death occurring after that of the testator, I should say that he intended that the appellants should have all that was left of his estate, and no court could properly change its direction by the interpolation of words or phrases in his will.

But as we are of the opinion that the proper construction of the will is that the deaths referred to were those happening anterior to that of the testator, we find no difficulty in directing an affirmance of the judgment of the Supreme Court.

All concur.

Judgment affirmed.