EDITH E. KERR, APPELLANT, *v.* JAMES BRYAN AND OTHERS, RESPONDENTS.

*Will — when a gift over, in case of the decease of· the first devisee, refers to his death in the lifetime of the testator — parol evidence is inadmissible to prove the intent of the testator.*

A testator gave all the rest, residue and remainder of his ·estate, both real and personal, to his "daughter Anna Maria Kerr, to her and her heirs, forever." A codicil to his will provided, "that in case of the decease of my daughter Anna all that I have devised and bequeathed to her shall go to her children then living, share and share alike to them and their heirs, forever."
*Held,* that the codicil only provided for the case of the death of the daughter during the lifetime of the testator, and that upon his death she took an estate in fee in the property devised to her.

Upon the trial testimony was offered and excluded as to a conversation between the testator and the counsel who drew the will to show that his intention was to limit his daughter's interest in the property to a life estate.
*Held,* that the testimony was properly excluded.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

This action was brought by the plaintiff to compel the payment of the taxes and assessments legally due upon certain property in Kings county, and to compel the defendants to put and keep the said premises in repair.

The plaintiff claims to have an interest in remainder in the property in question after the death of her mother, Anna Maria Kerr, under the will and codicil of her grandfather, Richard J. Todd, insisting that the devise to said Anna Maria Kerr, by the codicil added to said will, limited her estate in the property in question to a life interest only.

The defendants' answer puts in issue the construction of the will and codicil, as claimed by plaintiff, and alleges that the said Anna Maria Kerr took the said property in fee thereunder.

*S. W. Fullerton,* for the appellant.

*A. E. Lamb,* for the respondents.

PRATT, J.:

The defendant, James Bryan, derived his title to the property in question through Anna Maria Kerr, and the determination of this action depends on the question whether under the will of Richard J. Todd, Mrs. Kerr took an estate in fee or an estate for life. If she took an estate in fee, the judgment of the Special Term was right and must be affirmed, but if she took an estate for life the judgment must be reversed.

The will of Mr. Todd contained this provision: "All the rest, residue and remainder of my estate, both real and personal, I give to my daughter Anna Maria Kerr, to her and her heirs, forever." The property in question was included in this devise. By a codicil to the will it was provided "that in case of the decease of my daughter Anna, all that I have devised and bequeathed to her shall go to her children then living, share and share alike, to them and their heirs forever." The appellant claims that under the codicil Mrs. Kerr took only a life estate. The words "in case of the decease," or "in case of the death" have received frequent judicial interpretation.

In *Livingston* v. *Greene* (52 N. Y., 118) the testator, after a life estate to his wife, devised his real estate to his children, and then provided that " should any of my children die and leave lawful heirs," etc. : it was held that the words " should any of my children die " referred to a death in the lifetime of the testator.

In *Kelly* v. *Kelly* (61 N. Y., 47) the testator devised his estate to his children and then provided, " in case of the death of either of my said children, I devise the whole of my estate to the survivor," etc., held that the deaths referred to by the last clause were those happening anterior to that of the testator.

In *Crossman* v. *Field* (119 Mass., 170) the testator after giving all his property to his niece, directed " that if the said Julia Frances should not live, then the property which I now give to her, I give to my brother," etc. ; *held*, that the proviso that if the niece " should not live " is equivalent to " if she should die " or " in case of her death," and must be construed " if she should not survive me," and that the niece took an estate in fee.

In *Briggs* v. *Shaw* (9 Allen, 516) the testator gave to his sister all his real estate in Salem, and then provided, " that in case of her decease I give the same to my nephew John A. Briggs ; " *held*, that the words " in case of her decease " had reference to the death of the sister in the lifetime of the testator, and that outliving him she took an estate in fee. Other cases without number might be cited to the same effect.

These authorities control the construction of this will. The words in the codicil, " in case of the decease of my daughter," have reference to her death prior to that of the testator, but outliving the testator Mrs. Kerr took an estate in fee.

Testimony was offered and excluded as to a conversation between the testator and his counsel who drew the will, to the effect that his intention was to limit Mrs. Kerr's interest in the property to a life estate. This evidence was not admissible. The intention of the testator must be ascertained from the language of the will, and when such language has a plain meaning, and is neither uncertain and ambiguous or doubtful, parol evidence to contradict it to explain it is inadmissible. (*Williams* v. *Freeman*, 83 N. Y., 569 ; *Kelly* v. *Kelly*, 61 id., 51 ; *Van Nostrand* v. *Moore*, 52 id., 18 ; *Arcularius* v. *Geisenhainer*, 3 Bradf., 64 ; *Mann* v. *Mann*, 14 Johns., 1.) To

admit such evidence in this case would be to contradict the plain meaning of the will. The language used has been the frequent subject of consideration by the court, and must be interpreted in the light of the decisions. It is not doubtful or uncertain. Its meaning is clear, and to admit evidence to contradict it would be to overthrow the clearly expressed intention of the testator.

In *Williams* v. *Freeman*, the court says: "The statute which requires these intentions (the testator's) to be expressed in writing attested in a prescribed form, precludes any other proof of them except the writing and such facts and circumstances as are necessary to its intelligent reading."

The judgment was right and must be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.