MARY MOFFAT FIELD AND OTHERS, RESPONDENTS, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Will — construction of a devise to the survivors on the death of a member of a class — when an absolute estate is not limited by a recommendation as to the disposition to be made of the property.*

A testatrix directed that in case her child should die before reaching legal majority without lawful issue, that all her property should go to her three sisters, naming them, and her husband, share and share alike. "In case of the death of either of my sisters, the property herein bequeathed to them is to go to the survivor or survivors, and at the death of all the persons herein named as taking on the death of my child, it is recommended the amount of property coming to them shall go to the lineal descendants of John Moffat." The testatrix died without children.

*Held*, that the sisters and the husband, surviving the testatrix, took an absolute estate to all her property, which was not limited by the recommendation as to the disposition which should be made of the property upon their death, or that of the survivor of them.

APPEAL from a judgment in favor of the plaintiffs, recovered on a trial at the New York Special Term.

*Frank A. Irish*, for the appellant.

*Frank E. Blackwell*, for the respondents.

DANIELS, J.:

The plaintiffs brought this action to recover the amount of an award made for property taken for the extension of a street. It was owned by their father, whom they and their sisters Arabella survived. To three-quarters of the award the right of the plaintiffs was not questioned, but their right to recover the other quarter belonging to their sister Arabella was denied. She died without

children in April, 1875, leaving her husband surviving her.    Before she died she made a will for the disposition of her property, and the right of the plaintiffs to recover her fourth of the award depends upon the construction to be placed on the third and seventh paragraphs of this will.    At the time when it was made she contemplated the probability of her leaving a living child, who was intended to be the principal recipient of her estate.    By the third paragraph of her will she directed :

"Should my child die before reaching legal majority without lawful issue, then I direct that all my property herein bequeathed shall go to my dear sisters, Mrs. Mary M. Field, 139 East Forty-fifth street, New York city; Mrs. Sarah M. Cunningham, of Yonkers, N. Y; and my dear husband, S. Patterson McDavitt, San Juan, California, share and share alike."

And that clearly expressed her intention to be that her property not otherwise devised or bequeathed, which included that in controversy in this action, in case of the decease of her child should be divided equally between her surviving sisters and her husband. As to that being the intention expressed in this portion of the will no room for doubt appears to exist.    But by the seventh paragraph of her will she declared that :

"In case of the death of either of my sisters, the property herein bequeathed to them is to go to the survivor or survivors, and at the death of all the persons herein named as taking on the death of my child, it is recommended the amount of property coming to them shall go to the lineal descendants of John Moffat."    Concerning the construction of the former branch of this paragraph no doubt can be entertained.    It was her intention, as the law construes the language made use of, to provide only for the contingency of the decease of either of her sisters previous to the time of her own decease. (*Kelly* v. *Kelly*, 61 N. Y., 47; *Embury* v. *Sheldon*, 68 id., 227; *Miller* v. *McBlain*, 98 id., 517; *Willets* v. *Willets*, 35 Hun, 401, 404.) And as the plaintiffs' survived the testatrix they are the persons who became vested with her interest in this award, the surviving husband having transferred his interest in it to them.    But it has been insisted, because she recommended that the amount of her property going to her sisters, should, after their decease, go to the lineal descendants of her father, John Moffat; that their title was so far qualified

as to give these descendants the remainder in the property after the decease of these sisters. But no authority has been cited or found which will now justify such a construction of this part of the seventh paragraph of the will. These descendants were given no interest whatever in the property, but all that was done was that a recommendation was made that the property should go to them after the decease of the surviving sisters of the testatrix. No intention was expressed of devising or qualifying the title of the sisters in any manner whatever, but the will was confined to this bare recommendation which could have been no otherwise designed than to indicate to the devisees and legatees what was the wish or desire of the testatrix herself. And that was not sufficient to qualify the title of the plaintiffs or reduce their interest in the property below that of its absolute ownership. The case of *Warner* v. *Bates* (98 Mass., 274) does not support the position advanced upon this portion of the will. The clause which was there held to create a limitation, declared the disposition to be made "in the full confidence that upon my decease he will, as he has heretofore done, continue to give and afford to my children (naming them) such protection, comfort and support as they or either of them may stand in need of." And that was deemed to qualify this disposition of the testator's property. It was considered to constitute a direction on his part, while the language used in this instance can, by no possibility, be so construed. The case of *Van Dyck* v. *Van Beuren* (1 Caines Rep., 84) more nearly approaches to the point taken in behalf of the defendant, and, if it stood by itself, might possibly be considered as sustaining that position. But the more modern authorities require something more explicit and controlling over the conduct of the legatee or devisee than the expression of a mere desire to qualify the title otherwise given to him or her by the will. These cases were very generally examined in *Lawrence* v. *Cook* (32 Hun, 126), where it was considered that something more mandatory and controlling must be found in the will than the mere expression of a desire or a recommendation to reduce the nature of the interest previously, and in other language, unqualifiedly given. And this principle was approved in *Willetts* v. *Willetts* (35 Hun, 401). In *Gilbert* v. *Chapin* (19 Conn., 342) such a recommendation as is contained in this paragraph of the will was considered by the

court, and it was held to be insufficient to qualify or reduce the absolute interest previously given by the testator. It is true that the decision was made by a divided court, two of the judges joining in a dissenting opinion, but the authorities referred to in the prevailing opinion, in principle fully supported the views which were adopted.

The court made an additional allowance of costs in favor of the plaintiffs for the sum of $100. The action cannot be said to have been either difficult or extraordinary, while the fund in controversy was held by the city in trust for whoever might be entitled to receive it. Its defense to the plaintiffs' action was made in good faith to settle their controverted right as to this one-fourth of the award, and under these circumstances, no allowance beyond the ordinary costs of the action, should have been made. To that extent the judgment should be reversed, but in all other respects it should be affirmed, without costs of this appeal.

DAVIS, P. J., and BRADY, J., concurred.

Judgment modified as directed in opinion, **and affirmed as** modified, without costs of appeal.