Haight, J.
This action was brought to have a deed adjudged to have been given as a security for money loaned, and for an accounting between the parties. The referee has found that the plaintiff was the owner and in possession of the farm in question and that he became such owner through the will of his father, Seymour Ensign, deceased, and that the land was charged with the support of his grandfather, Seth Ensign. That on or about the 14th day of October, *182 1884, the plaintiff and defendant who was the son of Seth Ensign, made and entered into an agreement by parole, whereby the defendant promised and agreed that if the plaintiff would execute and deliver to him a deed of the farm he would advance him money sufficient to pay his debts, assume and pay the mortgage on the farm, provide for the care and support of his father, repair the buildings and would consult the plaintiff in regard to all expenditures, keep an exact account and when required by the plaintiff would render him an exact statement thereof; and at any time thereafter on the payment of the amount he has so paid out and expended, he would deed him back the place or if they could sell the place for its full value he would pay the plaintiff the amount so received over and above his expenditures; that the plaintiff, pursuant to such an agreement, executed and delivered to the defendant a deed as executor of the last will and testament of Seymour Ensign, deceased, in consideration of the sum of $3,960 by which he conveyed to the defendant the lands in question consisting of ninety acres and all the estate, right, title and interest he had therein in law or equity as executor, heir, or legatee of Seymour Ensign, deceased; that the actual consideration paid at the time and before the execution of the deed was $600; that the mortgage indebtedness upon the premises assumed by the defendant was $3,000; that the value of the land at the time of such conveyance was $6,750; that thereafter the defendant entered into possession of the farm, made sundry repairs upon the building with the approbation of the plaintiff, and provided for the care and support of his father until his decease; that thereafter and on the 5th day of December, 1885, the plaintiff demanded of the defendant a statement of his expenditures, informing him that he had concluded to take the place back and that he was prepared to pay him the amount of such expenditures, and demanded a re-conveyance of the lands; that the defendant refused to furnish such statement or re-convey to the plaintiff, claiming that he was the absolute owner thereof. The referee further found that the defendant had paid out under the contract the sum of $4,626.04; that he had received the sum of $513.28, leaving a balance as the indebtedness of the plaintiff to the defendant of the sum of $4,112.18. As a conclusion of law the referee found that the deed was given as a security for the payment of the money so found due and that upon the payment of such sum the plaintiff was entitled to re-conveyance; and judgment was ordered accordingly.
It is contended in the first place that the evidence is not sufficient to authorize the finding that the deed was intended to be a security for the money advanced. . The rule is *183 undoubtedly well stated in the case of Erwin v. Curtiss (6 N. Y. S. Rep. 116), and is that the evidence required to show that a deed absolute in form was intended as a security, must be clear, explicit unequivocal and convincing.
Upon the trial the plaintiff testified to a conversation had with the defendant in which he said that he did not want the farm; that he did not want to buy it; that it would be a burden to him the rest of his life, but said : ‘ If I would give him a deed of the farm he would give me enough money to pay all my debts * * * and he would provide for the support of grandfather and he would repair the buildings; that he wpuld ask my advice in the matter and make no expenditure until I consented, and he would keep an exact statement of all the expenditures he paid out, and whenever I wanted to I could take the paper ; and he would give me a deed for the farm by my paying him just what he had paid out, or that if the farm could be sold for its full value he would give me a deed of the place. I then said, then if I understand you, all you want of the deed is for security. ‘1 He said that is all I want of it; I do not want a dollar out of the place ; I have enough money of my own ; that is, all I need to take care of me, and all that I have to take care of.” The letters passing^ between the parties tend in a measure to sustain the plaintiff’s claim arid the evidence of declarations of the defendant made to other parties tend in the same di - rection. The defendant testified that they figured up what the plaintiff owed, and that it came to very near forty dollars per acre; that his proposition was to take the farm, and take care of his father during his life; and that he would keep account of everything expended in the care of his father and other expenses, and when the farm was sold if there was anything over after the burial and putting a monument to his grave he would make the plaintiff a present of it.
It will be observed that the plaintiff and defendant differ to some extent. One claiming that he had the right to take the farm back upon payment of the expenditures, and the other that he was to sell the farm and pay the plaintiff all obtained over and above the expenses. The referee has found, as we have seen, and we think properly, that both propositions were within the contemplation of the parties. An opportunity might occur to sell the farm to advantage, in which event the surplus was to be returned to the plaintiff ; or if the plaintiff saw fit to take the premises back before a sale had been made he had the right to do so upon repayment of the amount expended. The primary object of these parties as disclosed by the evidence, was to afford means for the support of the grandfather of the plaintiff, *184 the father of the defendant, whose support was charged upon the lands in question. We have not overlooked the fact that there was still a further conversation between the parties, and that the defendant gave to the plaintiff $520 in cash to enable him to attend medical college and take a course of lectures, he being a young man and desirous of studying that profession ; and that this amount was included in the expenditures to be made by the defendant; but there was nothing in this that indicated an intention on ■the part of the parties to change the effect of their agreement. We are consequently of the opinion that the agreement as found by theo learned referee is well sustained by the evidence, and should be adhered to.
It is further contended that the referee erred in receiving the evidence of M. S. Parsons under objection and excep- ■ tian by the defendant as to the price he sold his land for. It appears, however, that Parsons was called as a witness ■for the defendant and had given evidence as to the value' of the farm in question. "Upon the cross-examination he ■ testified that he owned a place across the creek, and that he sold it three or four years ago. The question objected ■to was then put: “How much did you get for it?” We think that this was competent evidence upon cross-examination. The plaintiff had the right to show that the witness’ judgment was not based upon his knowledge of the ■ sale and purchase of lands in the immediate vicinity, and that if it had been, his estimate of the value of the farm ■in question would have been greater than that given in his testimony.
It is now contended that the referee erred in finding that the plaintiff was the owner in fee of the farm conveyed to the defendant, and that the action cannot be maintained in his name individually, but if maintainable at all should be by him as executor. We do not understand upon what theory the action could be maintained by the executor. The case is not one within the provisions of section 1814 of the Code of Civil Procedure. The will of Seymour Ensign does not devise to the executor any interest in the real estate. It merely charges the support of the testator’s father upon the real estate so long as he lives, and gives to the executor a naked power to convey. The object of this power is evident. The father of the testator, who was to be supported out of the real estate, was an aged man and during the last years of his life required much attention and care. He lived to the age of ninety-two years. It was, doubtless, the intention of the testator to provide means for the support of his father, and the power to convey given in his will to the executor was doubtless for this purpose. The executor, as such, had no other interest in the premises, and, having executed the power vested in him, ceased to have any interest *185 upon which he as such could maintain an action. Moak’s Van Santvoord’s Pleadings, 94.
But the question as to whether the plaintiff took a fee under the will or only a life estate is more serious. It is, first, “ I give and bequeath to my son, Walter Ensign, all my property, both real and personal wheresoever situated and of whatever kind forever; provided, nevertheless, that if said Walter shall die leaving no child or children, then the residue or remainder of said real property shall be divided equally between the children of my daughter, Eva Ensign, share and share alike; if my son, Walter, shall die leaving a child or children, then my said real property shall be divided between the children of said Walter and the children of said Eva, share and share alike.” Then follows a separate provision, giving to Walter, absolutely arid forever, all of his personal property at his death, and then the provisions which we have already discussed, charging the real estate with the support of his father and the power of the executor to sell. It is contended, on the part of the respondent, that the death of Walter referred to, was intended to mean one during the lifetime of the testator and that he having survived the testator took a fee absolute. Kelly v. Kelly, 61 N. Y., 47; Roseboom v. Roseboom, 81 id., 356, Quackenbos v. Kingsland, 102 id., 128; Van Derzee v. Slingerland, 103 id., 47; In the Matter of the N. Y., L.E. and W. R. Co. to Acquire Real Estate of Van Zandt, 105 id., 89; Crozier v. Bray, 39 Hun., 121.
We hesitate about adopting this theory under the authorities cited, and, inasmuch as the grandchildren, who would be entitled to the remainder in case the plaintiff did not take a fee, are not parties to this action, we prefer to leave this question undecided, not regarding it as raised by the pleadings. The complaint alleges that the plaintiff is the owner of the lands in question, describing them, under the will of his father now deceased. The answer does not deny this allegation, but alleges: “that prior to the 24th day of October, 1884, the plaintiff was the owner of the lands described in the complaint in this action only as he was made so, or derived rights therein, from the last will and testament of Seymour Ensign, deceased.” At the end of the answer the “ defendant denies any other allegation in the complaint not heretofore denied or answered unto.” Inasmuch as the answer contains an allegation in reference to the ownership it must be regarded that the allegation of ownership in the complaint is thus “answered unto,” and is consequently not put in issue by this denial. The allegation in the answer raises no issue upon the question, and we therefore regard the allegation of ownership as standing admitted by the pleadings.
As to the claim in reference to the defect or misjoiner of parties, the code provides that a defect or misjoinder of par *186 ties plaintiff, if appearing upon the face of the complaint, should be taken advantage of by demurrer. Code of Civil Procedure, § 488. If, however, they do not appear upon the face of the complaint the objection may be taken by answer. Section 498. “If such an objection is not taken either by demurrer or answer the defendant is deemed to have waived it, except the objection to the jurisdiction of the court or the objection that the complaint does not state facts sufficient to constitute a cause of action.” Section 499. It will thus be observed that defects of parties or misjoinder of parties must be raised by demurrer or answer, or else under the express provision of the code they are deemed waived. In this case the defects did not appear upon the face of the complaint, consequently it was not demurrable. But the defendant had the right to raise these questions by answer, but having failed to do so, they must now be regarded as waived.
The referee allowed interest to the defendant upon the amounts paid out by him to January 15, 1886, the date on which he refused to deliver the plaintiff a statement of the expenditures, and claimed that he was the absolute owner of the premises. It does not appear that the plaintiff made any tender of the money due the defendant. We therefore fail to see why the defendant is not entitled to interest down to the time of the entry of judgment, as well as the plaintiff to the use and occupation of the premises. With this modification the judgment should be affirmed, without costs.
Bradley, J., concurs; Barker, J., dissents.