## In the Matter of the Estate of IVA B. FORT, Deceased.

Surrogate's Court, New York County, January 12, 1925.

**Wills — construction — testatrix after giving all of her estate to her husband directed, in event of his death, " any residue " thereof should be divided equally among children of nephews — testatrix intended to make absolute gift to husband.**

A will by which the testatrix gave all of her estate to her husband and then directed in the event of his death that " any residue " thereof should be divided

equally among the children of her nephews, should be construed as an absolute gift to said husband, and the administrators of his estate, he having survived testatrix but having since died, are now entitled thereto. The provision for the division among the children of testatrix's nephews was merely by way of substitution in the event of the death of her husband prior to her death.

PROCEEDING to construe will.

O'BRIEN, S. This is a proceeding to construe the will of testatrix, the first three paragraphs of which read as follows:

" 1. First, after my lawful debts are paid and a sum set aside to cover the costs of burial, headstone for grave, and upkeep of plot.

" 2. All my estate, personal property, etc., household effects, sundry valuables and securities in safe deposit box No. 296 at the Colonial Bank, Money on deposit with the following banks: The Bowery Savings Bank, the Irving Bank and the Empire Bank. I give to my beloved husband Bruce H. Fort.

" 3. In the event of the death of my beloved husband, any residue of my estate shall be divided equally among the children of my beloved nephews, Clarence Sears and Bruce Gilson."

Testatrix died August 31, 1923, survived by her husband, Bruce H. Fort, who died September 19, 1923. A question has been raised as to the distribution of the estate of testatrix.

It is contended by the special guardian appointed for the infant children of the two nephews of testatrix mentioned in the will that Bruce H. Fort received a life estate, with power of consumption during his lifetime, and that the remainder vested in the children of her nephews. He bases his contention on the wording of paragraph 3. His position, however, is not sustained by either argument or authority. The simple and natural interpretation to be given the language used in all of the three paragraphs of the will is that she clearly intended to make an absolute gift to her husband and that he should be the primary object of her bounty. Moreover, the rule is well settled that, when an estate is conveyed in one clause of an instrument by clear and decisive terms, it cannot be cut down or limited by subsequent words that are not as clear and decisive as the words of the clause giving the estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Stokes* v. *Weston*, 142 id. 433; *Banzer* v. *Banzer*, 156 id. 429; *Tillman* v. *Ogren*, 227 id. 495; *Weber* v. *Kress*, 198 App. Div. 687; *Matter of Mead*, 115 Misc. 481.)

The bequest in the paragraph marked 2 is simple, clear and decisive, and there are no terms in paragraph 3, equally definite and clear, limiting this gift or cutting it down. It may be argued, further, that had the testatrix intended such a limitation she would have used language to express such an intention. Again, it is a well settled rule that where there is a devise to one person

absolutely, and in case of his death to another, the contingency referred to is the death in the lifetime of the testator. (*Kelly* v. *Kelly*, 61 N. Y. 47; *Quackenbos* v. *Kingsland*, 102 id. 128; *Vanderzee* v. *Slingerland*, 103 id. 47; *Matter of New York, L. & W. R. Co.*, 105 id. 89, 93; *Fowler* v. *Ingersoll*, 127 id. 472, 476; *Matter of Denton*, 137 id. 428, 433.) The provision for the division among the children of her nephews was merely by way of substitution in the event of the death of her husband prior to her death. By the words " any residue of my estate " she intended the residue after the payment of her lawful debts and funeral expenses. Bruce H. Fort having survived testatrix, but having since died, the share of decedent's estate to which he became entitled should be paid to the administrators of his estate.

Submit decree accordingly.