In the Matter of the Estate of SARAH M. ANDERSON, Deceased.

Surrogate's Court, Niagara County, July 24, 1935.

*Hopkins & Brim* [*W. Alfred Brim* of counsel], for the petitioner.

*Stacy D. Behe* [*Mortimer A. Federspiel* of counsel], for Richard Tryon.

GOLD, S. Decedent left a last will and testament which is dated October 8, 1932, and which was duly admitted to probate in this court on the 28th day of February, 1933. In the will, after the direction of the payment of her debts and funeral expenses, she directed the disposition of her property as follows:

" *Second.* I give, devise and bequeath to my daughter, Mrs. Grace Amanda Daley, residing at Wilson, Niagara County, New York State, all of my real and personal property, excepting the following:

" To Richard Tryon, residing at No. 7457 Cottage Grove Avenue, in the city of Chicago, state of Illinois, the sum of One thousand ($1,000.00) Dollars and the tenant house and pigpen, together with one acre of land to the west and the east of the tenant house; that is, the house and the land which has been occupied by the aforesaid Mrs. Grace Amanda Daley."

On the same day, at apparently the same time, she executed what purports to be a codicil, and which is written on the back of the will, which provides as follows:

" And in addition to the foregoing I give to my dear sister, Mrs. Nancy Lundy, of the city of Buffalo, Erie County, N. Y., the sum of Five Hundred ($500.00) Dollars.

" I also give to Richard Tryon, aforesaid, that tract of twelve (12) acres of land and the packing-house lying to the north between the Lake Road and Lake Ontario.

" In case of the death of Mrs. Grace Amanda Daley, aforesaid, her entire share, consisting of all of the farm, the buildings, and the personal property, is to be given to Richard Tryon, above mentioned."

She appointed her daughter, Grace Amanda Daley, executrix of the will. At the time of the death of decedent her said daughter was living.

This proceeding was commenced by the executrix for a construction of the will.

It is claimed by the executrix that the property bequeathed and devised to her became hers absolutely on the death of decedent. On the other hand, it is claimed by Richard Tryon that the same vested in him, subject to the life use by the petitioner, to wit, Mrs. Daley.

Evidence was introduced by said Richard Tryon to show what he claims was the intention of the decedent at the time of the execution of the will and codicil. That testimony was received under objection of petitioner.

Petitioner contends that the declarations of a testator can never be resorted to for the purpose of contradicting or even explaining the intentions expressed in the will, and cites *Williams* v. *Freeman* (83 N. Y. 561).

If parol testimony is inadmissible, and the construction had upon the contents of the will itself, there can be no serious question as to the meaning of the words, " In case of the death of," or the intention of the testatrix.

" The general rule is that declarations of a testator, before, contemporaneously with, or after the making of a will, are inadmissible to affect its construction. (1 Redf. on Wills, *538.) In *Mann* v. *Executors of Mann* (1 Johns. Ch. 231), Chancellor KENT said that the rule was well settled that parol evidence cannot be admitted to supply or contradict, enlarge or vary the words of a will, nor to explain the intention of the testator, except in two cases, viz.: when there is a latent ambiguity arising *dehors* the will as to the person or subject meant to be described, or to rebut a resulting trust." (*Reynolds* v. *Robinson*, 82 N. Y. 103, *vide* 106, 107.)

There is no latent ambiguity in the words used nor is there a resulting trust. Therefore, parol evidence is inadmissible to explain the intention of the testator.

Petitioner claims that the clause, " In case of the death of Mrs. Grace Amanda Daley, aforesaid, her entire share, consisting of all of the farm, the buildings, and the personal property, is to be given to Richard Tryon, above mentioned," means that her death must occur prior to the death of testatrix in order to vest title in Tryon, while Richard Tryon claims that that clause gives to Mrs. Daley

only a life use of the property and that upon her death subsequent to that of testatrix, it becomes his absolutely.

" It is said by Mr. Jarman (2 Jarm. on Wills, [6th Am.] 752) to be an established rule that where a bequest is simply to one person, and in case of his death to another, the primary devisee surviving the testator, takes absolutely. This rule applies both to real and personal estate, and so far as I know the authorities in this country uniformly sustain the construction that where there is a devise or bequest *simpliciter*, to one person, and in case of his death, to another, the words refer to a death in the life-time of the testator. (*Moore* v. *Lyons*, 25 Wend. *119; *Kelly* v. *Kelly*, 61 N. Y. 47; *Briggs* v. *Shaw*, 9 Allen, 516; *Whitney* v. *Whitney*, 45 N. H. 311.) It is said in support of this construction that as death, the most certain of all things, is not a contingent event, but the time only, the words of contingency in a devise of the character mentioned, can be satisfied, only by referring them to a death before a particular period, and as no other period is mentioned, it is necessarily presumed that the time referred to is the testator's own death." (*Vanderzee* v. *Slingerland*, 103 N. Y. 47, *vide*, 53, 54.)

Any other rule would be fraught with great danger to the sanctity of wills and a fraud could be easily perpetrated by an unscrupulous witness.

The language used in this will is not unusual; in fact, it is used many times. It is common practice to leave property to a person or persons and then state, in case of their deaths, the same to go to others mentioned in the will. It has always been construed in this court that the words, " In case of the death," mean death prior to that of the testator.

I, therefore, find that upon the death of the testatrix, the property devised and bequeathed to Grace Amanda Daley, under the terms of the will and codicil, became hers absolutely and that she takes an absolute fee in the real property devised to her.

Let a decree be entered accordingly.