In the Matter of the Estate of AMY E. SCHERMERHORN, Deceased.

Surrogate's Court, New York County, October 9, 1935.

■■■■■■■■■■■■■■■■

*Louis W. Stotesbury,* for the petitioner, executor.

*Burleigh & Beckwith,* for George W. Burleigh and Harriett Pullman Schermerhorn, executors, etc., of Arthur F. Schermerhorn.

*Cadwalader, Wickersham & Taft,* for James Green, general legatee.

*Frank Delaney,* special guardian.

FOLEY, S.   This is an executor's accounting in which a construction of the will is sought.   By the fifth paragraph of her will the testatrix gave general legacies of $5,000 to each of her three brothers. She thereafter executed a codicil which provides as follows: " Having inherited fifteen thousand from estate of J. M. S. my Mother, I wish to add Five thousand a piece to my brothers at my death — as an extra legacy — all brothers surviving me to be given five thousand dollars — fifteen thousand dollars divided among surviving brothers — is my request before residue is considered."

When the will and codicil were executed the three brothers of the testatrix were living.   One of the brothers subsequently died, married and without issue, before the death of the testatrix.

A question has now arisen as to the amount of the legacy given to each of the surviving brothers by the codicil.   There is an apparent inconsistency between the clauses " all brothers surviving me to be given five thousand dollars " and " fifteen thousand dollars divided among surviving brothers."   Under the former clause it would appear that each surviving brother is given $5,000.   The latter clause appears to make a gift of $15,000 to the surviving brothers as a class.

If these apparently inconsistent clauses are irreconcilable the court must have recourse to the rule that only the posterior clause will be given effect.   (*Van Nostrand* v. *Moore,* 52 N. Y. 12.) This rule will only be applied, however, when all efforts to reconcile the inconsistency have failed.   (*Matter of Buechner,* 226 N. Y. 440; *Adams* v. *Massey,* 184 id. 62.)   A careful analysis of the language of the codicil discloses that the clauses can be reconciled.   Under the former clause the testatrix intended to make a gift of $5,000 to each of her brothers that survived her.   The latter clause supplements this gift and bequeaths the share of a brother dying before the testatrix to the surviving brothers.   The testatrix was

aware of the contingency which actually occurred that one of her brothers might predecease her. She, therefore, provided that if all her brothers survived her each was to receive $5,000 and if one or two of the brothers predeceased her the entire fund bequeathed by the codicil was to go to the survivor or survivors. This construction is in accord with the intention of the testatrix to distribute the funds received from her mother among her brothers, the members of her immediate family. I accordingly hold that under the intention expressed by the testatrix in the codicil, each of the surviving brothers is entitled to a legacy of $7,500.

It appears that the assets of the estate are insufficient to pay in full the general legacies in the will and the legacies in the codicil discussed above. It is contended that the legacies in the codicil are entitled to preferential payment over the general legacies contained in the will. There is no merit in this contention. The legacies in the codicil are neither specific nor demonstrative but are general legacies. The testatrix requested that they be paid " before residue is considered." The word " residue " will be given its ordinary meaning. (*Matter of Kenny*, 224 App. Div. 152; affd., 250 N. Y. 594; *Dwight* v. *Fancher*, 217 App. Div. 377; affd., 245 N. Y. 71.) As is stated in *Matter of Nelson* (268 N. Y. 255, 258): " The courts will read a will as a whole in order to discern the intention of a testator. When that intention is discovered, the courts will not thwart it by strict and grammatical construction of particular clauses." The testatrix has not indicated an intention to prefer the legacies in the codicil and no such intention can be implied. I accordingly hold that the general legacies in the codicil are on a parity with the general legacies in the will.

Submit decree on notice construing the will and settling the account accordingly.