THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT E. HAMMERSMITH, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, Respondent.— Order affirmed, without costs. Memorandum: Appellant has been denied a new trial on the ground of newly-discovered evidence. His application papers were insufficient and in addition his application was late. (Code Crim. Proc. § 465, subd. 7; Id. § 466.) He thereupon sued out a writ of habeas corpus apparently on the ground that his conviction had been based upon perjured testimony. In view of the plain mandate of the statutes mentioned we find no authority for sustaining this writ. In so holding we have not overlooked the determination made by the United States Supreme Court in *Mooney* v. *Holohan* (294 U. S. 103). All concur. (The order dismisses a writ of habeas corpus.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

In the Matter of the Construction of the Last Will and Testament and Codicil Thereto of SARAH H. ANDERSON, Deceased.— Decree modified by providing that costs should be payable out of the estate and as modified affirmed, with costs to the respondent against the appellant. All concur, except Thompson, J., who dissents from the modification and votes for affirmance. (The decree construes a will.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ. [156 Misc. 325.]

FRANK H. BLOOMER, Respondent, v. FRANK J. OFFERMAN, as Sheriff of the County of Erie, Defendant, Acting and Undersheriff JOSEPH F. McMANUS, Appellant.— Judgment affirmed, with costs. Memorandum: At the close of the evidence defendant moved for a nonsuit and plaintiff moved for a direction of a verdict. The court was correct in ruling that there was no substantial dispute in the evidence, and that only questions of law remained. Defendant did not move to go to the jury on any question of fact. The rule that the ticket was " void if sold or transferred " was for the sole benefit of the Buffalo Automotive Trade Association which could and did waive it. The ticket was sold, assigned and delivered to plaintiff before the execution against Mumm, the drawer of the ticket, was placed in the hands of the sheriff to be executed (Civ. Prac. Act, § 689) and such assignment carried with it the right of the plaintiff to have the car as soon as the final drawing of the order for the car, on which defendant afterward levied, was had and Mumm made such drawing as agent for the plaintiff. The title to the car was never in Mumm, the judgment debtor, after the execution was placed in the hands of the defendant. All concur. (The judgment awards possession of an automobile.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.