In the Matter of the Accounting of DANIEL ARVAN, as Executor of LOUISE A. ROMEAS, Deceased.

Surrogate's Court, New York County, May 24, 1951.

*Daniel Arvan,* as executor, petitioner in person.

*Abraham J. Gellinoff,* special guardian for Jacqueline R. Want, an infant, respondent.

COLLINS, S. The necessity for construction of the will in this proceeding for the settlement of the account of the executor arises because of the fact that the testatrix made the mistake of twice disposing of her residuary estate, each time to a different legatee. Provision for the conflicting gifts is contained in paragraphs fourth and seventh of the will which follow:

" Fourth: I hereby bequeath and devise all the remainder of my effects whatsoever, both real and personal, of whatever kind and nature and wheresoever the same may be situate which at the time of my death shall belong to me or be subject to my disposal by will unto *Jacob A. Want* absolutely and forever."

" Seventh: All the rest, residue and remainder of my estate, both real and personal, and wheresoever the same may be situate I hereby give, devise and bequeath to my dear daughter, *Jacqueline Rosalie Want,* and if she be not living to her issue surviving her, and if there be no such issue, to my daughter, *Ronnie Flynn.*"

While it at first appears that the gift in paragraph fourth is confined to " effects ", ordinarily thought of as personalty, the term is enlarged by the testatrix to embrace her real property as well. The word is capable of expressing such a meaning where not limited by the user (*Matter of Burnside,* 185 Misc. 808; *Matter of Mitchell,* 38 N. Y. S. 2d 673) as once was felicitously pointed out by Lord MANSFIELD in *Hogan* v. *Jackson* (1 Cowp. 299, 304) where he said: " There is but one point upon which the whole case turns; which is, to fix the meaning of the word *effects* in the English language. It is nugatory to cite cases, unless you fix the meaning of the term to which they are to be applied. If the word *effects* is equivalent to *worldly substance,* used by the testator in the beginning of his will, or if it is synonymous to property, there is an end of the question: because then all the cases prove, that the sweeping clause passes a fee. On the contrary, if it can be shewn that *effects* mean *chattels,* or personalty *only,* then the residuary clause can include them *only.* I take *effects* to be synonymous to *worldly substance* which means whatever can be turned to value; and, therefore, that real and personal effects mean all a man's property."

Since there can be no possible doubt that the paragraph seventh gift included the entire residuary estate, the court is forced to resort to the rule of *Van Nostrand* v. *Moore* (52 N. Y. 12) which requires that the second of the two irreconcilable dispositions of her property by the testatrix be given total effect with the result that nothing will pass under the language of

paragraph fourth to the legatee there named. Concededly this is a highly artificial solution of the problem but in the present state of the authorities and the absence of a power of divination, no other is possible. There would appear to be as much reason for benefiting the first taker as the second and perhaps more for dividing the property equally between them but where there is a rule, as here, a nisi prius court must take it as it finds it. The will permits of no other disposition for it presents both of the elements that render it subject to the operation of the principle enunciated in the *Van Nostrand* case where the court said (pp. 20–21): " The testator has declared both intents in language plain and unambiguous in itself, and I see no solution of the difficulty except by the application of the rule that when two clauses in a will are irreconcilable, so that they cannot possibly stand together, the one which is posterior in position shall be considered as indicating a subsequent intention, and prevail, unless the general scope of the will leads to a contrary conclusion. * * * It is true that this rule is only a last resort, to be availed of when all efforts to reconcile the inconsistency by construction have failed. There are but few instances of the application of the rule, the courts having almost always succeeded in reconciling the clauses or gifts alleged to be inconsistent; but they recognize the existence of the rule and the necessity of its application in a proper case." To like effect see *Matter of Schermerhorn* (158 Misc. 768).

The fee of the executor for legal services is fixed in the amount of $850.

Submit decree on notice construing the will in accordance with the foregoing and settling the account as filed.