S. Samuel Di Falco, S.
In this proceeding to settle her account, the executrix has petitioned for construction of two paragraphs of the decedent’s will which appear to be irreconcilable and repugnant to each other. The text of the paragraphs in question read as follows:
“Second: All the residue of my estate of every kind and description I devise and bequeath to my son David Samuel Sheps or, if he shall not survive me or shall die during his minority, in equal shares to my sister Harriet Clarke and my friend Sylvia Wright, or the survivor of them.”
“ Fifth: If any principal of my estate shall become vested in my said son during minority, my executrix may, in her absolute discretion, either pay over such principal at any time to the guardian (other than my said husband) of the property of my son or retain the same for my son during minority, it being my intention, if he shall be guardian of my son, that my said husband shall have no control over such principal or the application of any income therefrom. In case of such retention, my executrix may apply such principal and income therefrom to the support and education of my son either directly or by payments to the guardian of his property or to the person with *1093 whom my son may reside or to any other person, and in any case without requiring any bond; and the receipt of any such person shall be a full discharge to my executrix, who shall not be bound to see to the application of any such payment. Any unapplied principal and income shall be paid over to my son upon attaining majority, or, if he shall sooner die, to his estate. In holding any funds for my son, my executrix shall have all the powers and discretions hereinafter conferred upon her.” (Emphasis added.)
Thus, although in paragraph Second, the decedent gave her entire estate to her son David and provided that if he should not survive her or should die during his minority, her estate was to be distributed equally between her sister Harriet Clarke and her friend Sylvia Wright, in paragraph Fifth, the testatrix made a completely contradictory provision. In such paragraph after recognizing that the principal of her estate might vest in her son during his minority, the testatrix at the close of the paragraph stated: “ Any unapplied principal and income shall be paid over to my son upon attaining majority, or, if he shall sooner die, to his estate.” (Emphasis added.) The testatrix has thus in clear and unambiguous language made two different and repugnant provisions for the distribution of the remainder of her estate if her son should die before attaining his majority.
A reading of the will readily discloses that the testatrix’ prime concern was for her infant son. It is apparent that she wished the entire principal and income of her estate to be applied for the support and education of her son. It would appear, therefore, that in paragraph Fifth of the will the testatrix was giving true expression to her intent for in this paragraph she actually made the executrix of her estate the donee of a power in trust during the infant’s minority with a direction to pay over the unexpended portion of her estate to the infant’s estate if he should die before reaching the age of 21. (Matter of Kellogg, 187 N. Y. 355; Matter of Babbage, 201 Misc. 750; Surrogate’s Ct. Act, § 194-a.) It is a recognized rule that where there are two repugnant and irreconcilable clauses in the will the court should give precedence to that clause which is posterior in position. (Van Nostrand v. Moore, 52 N. Y. 12; Matter of Schermerhorn, 158 Misc. 768; Matter of Romeas, 200 Misc. 200.) It is true that this rule is rarely applied unless there can be no other solution or method of reconciling the apparent inconsistency. (Roseboom v. Roseboom, 81 N. Y. 356; Adams v. Massey, 184 N. Y. 62; Weber v. Kress, 198 App. Div. 687.) However, as stated in Keteltas v. Keteltas, 72 N. Y. 312, 314): “ The primary object in construing wills is to ascertain the *1094 intention of the testator, and when that has been ascertained, it is to be implicitly obeyed ’ ’.
In the case at bar there can be little doubt as to the intent of the testatrix and the court is of the opinion that it must give total effect to paragraph Fifth of the testatrix’ will in accordance with the rule enunciated in the Van Nostrand case. The language used in that case is significant and pertinent to the issues before this court. “ The testator has declared both intents in language plain and unambiguous in itself, and I see no solution of the difficulty except by the application of the rule that when two clauses in a will are irreconcilable, so that they cannot possibly stand together, the one which is posterior in position should be considered as indicating a subsequent intention, and prevail, unless the general scope of the will leads to a contrary conclusion.” Although this rule is used only as a last resort, the court believes that in the case at bar it should be applied. Concededly this is an artificial solution of the problem but the court has no power of divination and can find no better solution. Had the words “ or shall die during his minority” not been present in paragraph Second no problem of construction would have arisen and it is the belief of this court that it was the intent of the testatrix to provide for distribution of her estate to her sister Harriet Clarke and her friend Sylvia Wright only if her infant son predeceased her. (Matter of Fort, 126 Misc. 28.) The court therefore finds that full force and effect should be given to paragraph Fifth of the testatrix’ will. That the testatrix’ estate has vested absolutely in her infant son with the executrix as the donee of a power in trust to administer the estate until the infant reaches the age of 21.
Submit decree on notice or consent construing the will and settling the executrix’ account accordingly.