JOSEPH B. ROSE, Appellant, *v.* ASA L. HATCH et al., Respondents.

H., by her will gave to her husband all her property "in trust" for purposes thus stated: "to be by him held, enjoyed and disposed of as follows: * * * 1st. To his own proper use, benefit and advantage during his natural life, meaning and intending that out of the said estate, its income, substance, profits and avails, my said husband may and shall derive his support in whole or in part accordingly as said estate may be made available and my said husband may determine; but it is my desire that as much of said estate or its profits and avails as my said husband shall die seized or possessed of, shall be by him left, secured and disposed of as to be devoted to the support and education of orphaned children, in such way and manner as in his judgment may best conserve this object." The testatrix then expressed a desire that her husband shall " make such gifts or mementoes in my name to such of my surviving relatives and friends as I have heretofore verbally named and requested of him." She appointed her husband sole executor, and conferred upon him "full power and authority * * * to bargain, sell and convey" any and all of the estate. Then followed this clause: "The trust hereby created is intended to confer such right and authority unqualified, as well as to authorize and empower my said executor and trustee to make, execute and deliver any such deed or conveyance as shall be needful and proper to fully carry out and complete any sale, transfer or encumbrance, and to use or invest the proceeds;" also, that if any portion of the estate or its avails " be used by my said husband, such use shall be restricted to his personal wants and necessities." In an action of ejectment plaintiff claimed under a deed of certain of the real estate sold under an execution against the husband. After such sale, the husband, as executor and trustee, sold said real estate to raise money to pay the debts of the testatrix. *Held,* that the trusts sought to be created by the will were void; that the husband took a life estate in the property (1 R. S. 728, § 47), with the right to use so much of the principal as might be required for his personal wants, but did not take an absolute fee; that the provisions of the Revised Statutes (1 R. S. 732, § 84), turning an estate for life into a fee, "where an absolute power of disposition, not accompanied by a trust, shall be given to the owner," did not apply as an absolute power of disposition, was not given within the definition of that term stated in the said statutes (§ 85); also, that as to the remainder there was no valid disposition thereof; and so, as to it, the testatrix died intestate.

Also *held,* that a valid power of sale was given to the husband and was properly executed; and, therefore, when he conveyed the real estate, any interest in the land which he had as life tenant, was destroyed, and the

lien of the judgment and the title acquired by virtue of the sale on execution were subverted, and the purchaser from the executor acquired a good title; also, that a wrong motive on the part of the executor in making the sale, and the misappropriation of the proceeds, would not defeat the purchaser's title.

Reported below, 55 Hun, 457.

(Argued January 27, 1891; decided February 3, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Gaynor* for appellant. As to creditors, the defendant Asa L. Hatch took the land in fee under the will of his deceased wife, and the judgment thereupon became a lien on the said land, and the title passed under the execution sale (January 23, 1886) to the plaintiff; the subsequent deed (December 31, 1886) by the defendant Asa L. Hatch to Helen Richards, and the deed by her to the defendant Almira F. Hatch (his second wife) conveyed nothing. (2 R. S. art. 3, §§ 81, 85.) A power of sale given in a will for the purpose of the management or administration of the estate, or for the carrying out of a trust, does not enable a sale under the power for the payment of debts, and such a power cannot be implied. (*In re Fox*, 52 N. Y. 530; *In re Tilden*, 98 id. 434–442; *Magaffin* v. *Cohoes*, 74 id. 387; Code Civ. Pro. § 2750; *Hamilton* v. *Smith*, 110 N. Y. 159; *Clift* v. *Moses*, 116 id. 144.)

*James D. Bell* for respondents. The power given by the will of Elizabeth Hatch to Asa L. Hatch is not absolute and is accompanied by a trust, and hence the statute does not enlarge his estate to a fee. (1 R. S. 732, §§ 81, 85; *Cutting* v. *Cutting*, 86 N. Y. 522; *Smith* v. *Van Ostrand*, 64 id. 278; *Ackerman* v. *Gorton*, 67 id. 63; *Wager* v. *Wager*, 96 id. 164;

*Crooke* v. *County of Kings*, 97 id. 421; *Van Horne* v. *Campbell*, 100 id. 287.) A general power in trust, within the meaning of the statute, is created by the will of Elizabeth Hatch, and not a general and beneficial power as defined in section 79. Persons other than the grantee of the power are designated as entitled to benefits to result from the alienation. (*Hetzel* v. *Barber*, 69 N. Y. 1, 7; 1 R. S. 733, § 94.) The fact that Asa L. Hatch might for his personal use consume the avails of the. estate, does not enlarge his interest therein to a fee. (*Terry* v. *Wiggins*, 47 N. Y. 512; *Colt* v. *Heard*, 10 Hun, 189.) The· fact that an express life interest is given by the will, is evidence that the testatrix intended to give no more. (*Jackson* v. *Robbins*, 16 Johns. 537.) That the remainder is or is claimed to be void for uncertainty or for other causes, does not enlarge· the estate of the first taker to a fee, for if the trust fails the· remainder will go to the heirs of the testatrix. (*Flannagan* v. *Flannagan*, 8 Abb. [N. C.] 413, 418, 421.) A person can be trustee for his own benefit. (1 Perry on Trusts, § 59; *Freeborn* v. *Wagner*, 2 Abb. Ct. App. Dec. 175, 180; *Cockrill·* v. *Maney*, 2 Tenn. Ch. 49.) The power of sale is full and covers every point. (*In re Fox*, 52 N. Y. 530.)

Earl, J. This is an action of ejectment to recover certain land described in the complaint, situate in Queens county, and the material facts are as follows: On the 6th day of February, 1883, Eugene C. Riggs recovered a judgment for upwards of· $2,800 against the defendant, Asa L. Hatch, which judgment was duly docketed in the office of the clerk of Queens county on the 7th day of August, 1884. On the 23d day of January, 1886, the land was sold under an execution issued upon that judgment as the property of the defendant, Asa L. Hatch, and on the 28th day of April, 1887, a deed of the same was given to the plaintiff as the purchaser at such sale.

The claim of the plaintiff is that the judgment-debtor derived title to the land under the will of his wife, who died April 30,. 1884. By the second, third and fourth clauses of her will,, she provided as follows:

"*Second.* I give, devise and bequeath all my estate and property, whether real, personal or mixed, of which I may die possessed, to my beloved husband, Asa Lyon Hatch, in trust, to be by him held, enjoyed and disposed of as follows, that is to say :

"1st. To his own proper use, benefit and advantage during his natural life, meaning and intending that out of the said estate, its income, substance, profits and avails, my said husband may and shall derive his support in whole or in part, accordingly as said estate may be made available, and my said husband may determine ; but it is my desire that so much of said estate or its profits and avails as my said husband shall die seized or possessed of, shall be by him so left secured and disposed of as to be devoted to the support and education of orphaned children in such way and manner as in his judgment may best conserve this object.

" 2d. I furthermore desire my said husband to make such gifts or mementoes in my name to such of my surviving relatives and friends as I have heretofore verbally named and requested of him, in this, as in all other matters, having the fullest confidence and belief that he will faithfully observe and carry out my wishes by him clearly understood.

"*Third.* I nominate and appoint my beloved husband, Asa L. Hatch, my sole executor of this my last will and testament, and I request that no bond in this behalf shall be required of him. I furthermore give to and confer upon my before-mentioned executor and trustee full power and authority, by public or private sale, or in any such way or manner and at such price or prices and terms of credit as he shall deem expedient, to bargain, sell and convey any and all the real, personal and mixed estate of which I may die seized, and the trust hereby created is intended to confer such right and authority unqualifiedly, as well as to authorize and empower my said executor and trustee to make, execute and deliver any such deed or conveyance as shall be needful and proper to fully carry out and complete any sale, transfer or incumbrance of the whole or any part of said estate, and to use or invest the proceeds aris-

ing from such sale or sales in other real or personal property and estate with like powers of disposition over the same, as are hereby given in respect to the identical estate and property by me possessed at the time of my disease, provided, that if any portion thereof, or its avails, in money or valuables, be used by my said husband, such use shall be restricted to his personal wants and necessities in providing for his support and livelihood.

"*Fourth.* It is my will that my said executor and trustee shall not be held answerable in any way or manner for any losses or damages that may arise from any sales, transfer or other disposition by him made of the whole or any part of the estate or property which may and shall come to his hands under the provisions of this my last will and testament."

The will was admitted to probate, and the defendant Asa L. Hatch qualified as executor. After the death of Elizabeth Hatch, her husband married the defendant Almira F. Hatch, who had some property and estate in her own right. On the 31st day of December, 1886, Asa L. Hatch, claiming to act as executor under the will and under the power of sale given him thereby, sold the land and conveyed the same by deed to Helen A. Richards, for the nominal consideration of one dollar, and at the same time she by deed conveyed the land to the defendant, Almira F. Hatch, for the sum of $6,500, subject to a mortgage on the land of $7,000. The executor sold the land for the purpose of paying debts existing against his wife at the time of her death.

The courts below held that the will of Elizabeth Hatch conferred upon Asa L. Hatch a valid power of sale, and that by the execution of that power, title to the premises in fee was vested in the defendant Almira F. Hatch, and the complaint was, therefore, dismissed.

By the second clause of the will there was an attempt to make Asa L. Hatch trustee for his own benefit during his life. Such a trust cannot be created. To constitute a valid trust three things are necessary, viz.: A trustee, another person, the beneficiary, and property, and without each of the

three a trust cannot exist. (*Woodward* v. *James,* 115 N. Y. 346, 357.) Asa L. Hatch was, however, entitled to the possession of the land, and also to the rents and profits thereof, and hence, under section 47 (1 R. S. 728), it is clear that he took a legal estate in the land for life. That section provides that "every person who, by virtue of any grant, assignment or devise, now is or hereafter shall be entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions as his beneficial interest."

He did not take an absolute fee in the land by implication. The whole tenor of the will shows that he was to have only a life estate. He was entitled to the whole income of the property for his support and maintenance, and he was also authorized to use so much of the corpus of the estate as might be needed for that purpose. But his use of the corpus was absolutely restricted to his "personal wants and necessities in providing for his support and livelihood," and then the will attempts to dispose of the remainder of the estate after his death. It is thus entirely clear that the testatrix did not mean to give him an absolute title to the property for his own use and benefit.

But the plaintiff invokes section 81 (1 R. S. 732), which provides as follows : "Where an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power should not be exercised or the land should not be sold for the satisfaction of debts ;" and also section 85, which is as follows: "Every power of disposition shall be deemed absolute by means of which the grantee is enabled in his life-time to dispose of the entire fee for his own benefit." Here there was not an absolute power of disposition, as Asa L. Hatch could not dispose of the entire fee for his own benefit. He could dispose only of the income of the property during

his life.  His right to use the corpus for his own benefit was limited to his personal wants and necessities.  It is, therefore, quite clear that he neither, by the intention of the testatrix or the policy of the statute, took an absolute fee in this land. (*Terry* v. *Wiggins*, 47 N. Y. 512; *Smith* v. *Van Ostrand*, 64 id. 278; *Ackerman* v. *Gorton*, 67 id. 63; *Campbell* v. *Beaumont*, 91 id. 464.)

The direction in the will that after the death of the testatrix " the property shall be devoted to the support and education of orphan children in such way and manner as in his judgment may best conserve this object " is clearly invalid.  It is too indefinite, and no one has contended that that portion of the will can have effect.

The direction that her husband should make certain gifts or mementoes in her name to her surviving relatives and friends as she had verbally named and requested of him is also invalid. It was at most discretionary with the husband to make those gifts and mementoes out of his own property.

The result of this examination of the will, if there were no power of sale contained in it, brings us to the conclusion that under it the husband would take a life estate in the property, with the right to use the whole of the income and so much of the principal as might be required for his personal wants and necessities; and as to the residue there was no valid disposition thereof.  As to that Mrs. Elizabeth Hatch died intestate, and the real estate, upon the death of her husband, would go to her heirs, and the personal property then remaining, if any, would go to her next of kin.

But the important inquiry remains, was there a valid power of sale?  That was given in the broadest and most general language.  It was absolutely unrestricted.  He could sell the real estate at private or public sale, at such time and in such manner, and upon such terms as he chose.  It cannot be said that the purpose of the power failed, because the will gave him, upon our construction, a life estate, with the power to use the income of the property, and a portion of the principal, if needed.  And for the purpose of making the property more

valuable to him, or its management easier, or of promoting in any way his interest as a life tenant, he could execute the power of sale. Therefore, when he conveyed this real estate he destroyed any interest in the land as such, which he had as a life tenant, and he subverted the lien of the judgment-debtor and the title acquired by virtue of the sale under that judgment.

The executor sold the land to pay the debts of the testatrix, and used the proceeds of the sale for that purpose. Even if he had no right to so use the proceeds, that is a matter with which this plaintiff has no concern. The power of sale was, nevertheless, executed, and a good title to the land thereby given. A wrong motive of the executor in making the sale and the misappropriation of the proceeds would not defeat the sale, the purchaser not being a party to the wrong doing.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.