JOHN C. LEGGETT, as Executor of MINERVA P. STEVENS, Deceased, Respondent, *v.* ADDISON S. STEVENS, Individually and as Administrator of WILLIAM P. STEVENS, Deceased, Appellant, and ENOS P. JEPSON et al., Respondents.

WILL — PROVISION FOR SUPPORT OF TESTATOR'S WIDOW — RIGHT OF HER EXECUTOR TO MAINTAIN ACTION FOR CONSTRUCTION OF SUCH WILL — INVALID DISPOSITION OF PORTION OF FUND PROVIDED THEREIN FOR WIDOW'S SUPPORT, AFTER HER DEATH — RESIDUARY LEGATEE ENTITLED TO SUCH PORTION. The third clause of a holograpic will provided that the testator's wife should have "the use" of a specified sum, "and for her

own comfort and support she may use the whole principal sum * * *
and what is left at her death * * * shall be equally divided between
my adopted daughter * * * if she is living, if she has children to go
to them, if not to go to my nearest a kin on my side;" by a subsequent
clause he gave to the widow an additional sum "on the same conditions
* * * that is the use * * *;" the only other specific legatee was
his adopted daughter; he gave to his only son, "after all of the above
bequests are paid, all the balance of my real and personal property." The
son and the widow were appointed administrators with the will annexed;
they as such assigned and delivered to her certain securities and cash to
the amount of her legacies, which she took individually and not as adminis-
tratrix, accepting the securities in full satisfaction of such legacies; there-
after she executed a will containing some minor bequests and bequeath-
ing the residue to her brothers; upon her death, leaving the adopted
daughter and son surviving, a considerable portion of the fund bequeathed
and assigned to her remained unexpended. In an action brought by her
executor against all the parties interested for a judicial settlement of his
accounts and for a construction of her testator's will, *Held*, 1. That the
widow took the fund as trustee for the remaindermen ; that by the assign-
ment of the securities the administrators were discharged from all liability
and divested of all power concerning them; that her executor having in
his hands the balance of the fund, acquired the right to bring the action
and to obtain the direction of the court as to its proper disposition. 2.
That by the third clause of the will, the testator gave to his adopted
daughter upon the death of the widow one-half of the remainder of the
fund therein given to her for her use; as to the other half the clause was
void for uncertainty; although the whole will indicated an intent to give
it to the son, the failure of the testator to name him as its recipient was fatal,
and the court is powerless to supply the omission; it was, therefore,
undisposed of by the will and fell into the residuary estate ; that the
son nevertheless was entitled to it by virtue of the clause creating him
the sole residuary legatee.

*Leggett* v. *Stevens*, 100 App. Div. 512, modified.

(Argued March 30, 1906; decided April 24, 1906.)

APPEAL from a final judgment, entered September 11,
1905, upon an order of the Appellate Division of the Supreme
Court in the fourth judicial department, which affirmed an
interlocutory judgment entered upon the report of a referee
in an action to obtain a judicial construction of the will of
William P. Stevens, deceased, and for an accounting.

William P. Stevens died at Cuba, Allegany county, New
York, in April, 1896, leaving him surviving his widow,

Minerva P. Stevens, and a son, the appellant, Addison S. Stevens, his only heir at law and next of kin. The respondent, Helen S. Eldridge, had lived with him from early childhood in the mutually acknowledged relation of parent and child, although as far as appears she does not seems to have been legally adopted. The testator left a holographic will, which was duly probated, and the widow and son were appointed administrators of his estate with the will annexed.

By this will the testator gave the house and lot occupied by him as a residence, the household furniture and certain other articles to his widow. The third clause thereof, so far as material to this appeal, provided as follows: " I give my wife, Minerva P. Stevens, the use of Ten Thousand ($10,000) Dollars, and for her own comfort and support she may use the whole principal sum of Ten thousand dollars, and what is left at her death after all her debts and funeral expenses are paid shall be equally divided between my adopted daughter, Helen S. Eldridge, wife of Rufus C. Eldridge, if she is living, if she has children to go to them, if not to go to my nearest a kin on my side. * * * " In the next clause the testator gave to his adopted daughter Helen S. Eldridge, " in addition to what I have already given her," " $4,000 to be paid to her as soon as practical." The fifth and last clause provided: " I give and bequeath unto my son, Addison S. Stevens, after all my above bequests are paid, all of the balance of my real and personal property. I also cancel all Judgments I have against him provided he brings no charges against my estate. * * * I also give my daughter, Helen S. Eldridge, two $2000 thousand dollars in addition to the above mentioned. I also give my wife, Minerva P. Stevens, two $2000 thousand dollars in addition to the above mentioned and on the same conditions above mentioned that is the use. * * * "

Pursuant to the provisions of the will the administrators turned over to the widow certain securities, choses in action and a small amount of cash aggregating $11,880, which was the amount the testator had provided for her use by the third

and the fifth clauses of the will, less the inheritance tax. The securities and choses in action, consisting of mortgages and notes, were formally assigned to the widow and accepted by her in full satisfaction of the legacies given her.

The widow died June 27th, 1901, leaving a will wherein she named the plaintiff as her sole executor. After making several minor bequests she left the residue of her estate to her brothers. During her life she had used some of the principal of the moneys given her for her use by her husband, so that at her death there remained between eight and nine thousand dollars. The main questions in this case relate to the proper custody and disposition of this sum, which at the time of the commencement of this action amounted to $9,846.68.

In April, 1902, the plaintiff as executor of the widow, having these moneys in his hands, commenced this action for a judicial settlement of his accounts and for a construction of the will of William P. Stevens, deceased. In his complaint he set forth the foregoing facts and asked for the direction of the court as to the disposition of these moneys.

Testator's son, Addison S. Stevens, both individually and as administrator of his father's estate, was made a party defendant, as were also the adopted daughter, Helen S. Eldridge, and the next of kin and legatees of the widow.

The son, both individually and as such administrator, demurred to the complaint upon the grounds, (1) that the plaintiff had no legal capacity to sue in that as executor of the widow he had no interest in the estate of the testator or its distribution. (2) That the complaint did not state facts sufficient to constitute a cause of action. This demurrer was finally overruled. (*Leggett* v. *Stevens*, 77 App. Div. 612.) He then interposed an answer, as did the other defendants. A referee was appointed to hear and determine the issues. His report settled the accounts of the plaintiff as executor of the widow, Minerva P. Stevens, and among other conclusions of law he found: 1. That the widow became a trustee for the benefit of the persons entitled to the remainder of the

cash and securities turned over to her for her use under the will of the testator, and that the plaintiff as her executor was charged with her duties in respect thereto.

2. That under the will of the testator the widow had the use and income of the two legacies of $10,000 and $2,000 respectively, with the right to use all or any part thereof for her comfort and support.

3. That the adopted daughter, Helen S. Eldridge, was entitled to the amount remaining of the legacy of $10,000 given for the use of the widow, and that the son, Addison S. Stevens, was entitled to the amount remaining of the legacy of $2,000 given for the use of the widow by the fifth clause of the will.

Upon these findings the referee concluded that Helen S. Eldridge was entitled to five-sixths and Addison S. Stevens to one-sixth of the whole amount remaining in plaintiff's hands, representing the remainder of the cash and securities turned over to the widow for her use during life.

Judgment was entered in accordance with this report, and all parties, except the plaintiff and Helen S. Eldridge, appealed to the Appellate Division, where the judgment was affirmed. Addison S. Stevens, both individually and as administrator as aforesaid, has alone appealed to this court.

*W. J. Wetherbee* and *A. J. Hastings* for appellant. The motion to dismiss the complaint and for a nonsuit as to the defendant, Addison S. Stevens, as administrator, etc., should have been granted. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Blivin* v. *Seymour*, 88 N. Y. 469; *Matter of Denton*, 102 N. Y. 200; *Thomas* v. *Pardee*, 12 Hun, 151; *Moke* v. *Noorie*, 14 Hun, 128; *Shorter* v. *Mackey*, 13 App. Div. 20; *Tyson* v. *Blake*, 22 N. Y. 558; *Livingston* v. *Murray*, 68 N. Y. 485; *Bundy* v. *Bundy*, 38 N. Y. 420; *Peckham* v. *Lego*, 57 Conn. 553.) The complaint does not state facts sufficient to constitute a cause of action, either in the plaintiff or any one else. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Powell* v. *Deming*, 22 Hun, 235.) That part of the third paragraph of the will of William P. Stevens which attempts

to dispose of the remainder of the $10,000, after the death of his wife, is void for uncertainty. (*Tilden* v. *Green*, 130 N. Y. 51; *Trask* v. *Sturges*, 170 N. Y. 495; *Bayeaux* v. *Bayeaux*, 8 Paige, 333; *Beckman* v. *Bonsor*, 23 N. Y. 290; *Trunkey* v. *Van Sant*, 176 N. Y. 535; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Koss*, 177 N. Y. 371; *Howland* v. *Clendenin*, 134 N. Y. 311; *Scott* v. *Gurnsey*, 48 N. Y. 106; *Matter of Union Trust Co.*, 179 N. Y. 265.)

*Harry E. Keller* for plaintiff, respondent. The motion to dismiss the complaint and for nonsuit was properly denied by the referee. (*Binsse* v. *Wood*, 37 N. Y. 532; *Webb* v. *Odell*, 49'N. Y. 583; *K. S. Co.* v. *Inman*, 134 N. Y. 96; *Sage* v. *Culver*, 147 N. Y. 241; *Hopkins* v. *Clark*, 158 N. Y. 299.) The complaint states facts sufficient to constitute a cause of action and the proofs adduced upon trial by plaintiff entitled him to the relief therein asked and granted by the judgment herein appealed from. (*Leggett* v. *Stevens*, 77 App. Div. 612; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Matter of McDougall*, 141 N. Y. 21; *Matter of Ungrich*, 48 App. Div. 594; 166 N. Y. 618; *Deering* v. *Schreyer*, 171 N. Y. 456.) This plaintiff had a right to ask for the construction of those parts of William P. Stevens' will which governed the disposition of this trust fund. (*Bailey* v. *Briggs*, 56 N. Y. 413).

*Frank B. Church* for Helen S. Eldridge, respondent. The referee has correctly determined the interest which Minerva P. Stevens took in the legacies of $10,000 and $2,000 under the will of William P. Stevens. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Norris* v. *Beyea*, 13 N. Y. 273; *Kendall* v. *Case*, 84 Hun, 124; *Swarthout* v. *Rainer*, 67 Hun, 341; *Matter of Cager*, 111 N. Y. 427; *Leggett* v. *Firth*, 132 N. Y. 7.) The appellant Addison S. Stevens, as administrator with the will annexed of William P. Stevens, has no claim to or right to the possession of the remainder of the $10,000 for any purpose. (*Matter of Accounting of Denton*, 102 N. Y.

200; *Matter of Woods*, 35 Hun, 60; *Matter of McDougall*, 141 N. Y. 21.) It was the intention of William P. Stevens that, upon the death of his wife, what then remained of the $10,000 mentioned in the third paragraph of his will should pass to Helen S. Eldridge, if then living. (*Morton* v. *Woodbury*, 153 N. Y. 243; *Goebel* v. *Wolf*, 113 N. Y. 405; *Crosier* v. *Bray*, 120 N. Y. 326; *Matter of Brown*, 154 N. Y. 325; *Matter of Crane*, 164 N. Y. 71; *Kalish* v. *Kalish*, 166 N. Y. 368; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Collister* v. *Fassett*, 163 N. Y. 281; Schouler on Wills, § 594; *Smith* v. *Smith*, 1 Edw. Ch. 190; *Roe* v. *Vingut*, 117 N. Y. 204.)

WERNER, J. The first question urged upon our attention by the learned counsel for the appellant is that the referee erred in denying his motion to dismiss the complaint at the opening of the trial, and also his request for a nonsuit. The motion to dismiss was made upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and the request for a nonsuit involved practically the same question.

We think the action was properly brought by the plaintiff as executor of the widow, and that the complaint states a cause of action. The referee has found, upon ample evidence, that the widow took the fund in question individually and not as administratrix of her husband's estate. She was thus constituted a trustee for the remaindermen. When the administrators of the testator turned over to the widow, for use during her life, the securities and cash representing the legacies of $12,000, they parted with title and possession thereof, and were discharged from all liability and divested of all power concerning them. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Matter of McDougall*, 141. id. 21; *Matter of Ungrich*, 48 App. Div. 594; affirmed, 166 N. Y. 618.) Upon the death of the widow the plaintiff as her executor took possession of the balance of the fund then remaining in her hands, and thus acquired the right to bring this action for an accounting and to obtain the direction of the court as to

the proper disposition of the fund. (*Holland Trust Co.* v.
*Sutherland*, 177 N. Y. 327.)

The next question to be considered relates to the construc-
tion of the third clause of the testator's will. By that clause
the testator gives to his widow $10,000 for her comfort and
support, and provides that what is left at her death, after all
her debts and funeral expenses have been paid, "shall be
equally divided between my adopted daughter, Helen S.
Eldridge, * * * if she is living, if she has children to
go to them, if not to go to my nearest a kin on my side."
The learned referee reached the conclusion that the testator
intended that if Helen S. Eldridge should not be living the
balance remaining of this sum should be equally divided
between her children, and as she was then living the whole of
the fund should go to her. He arrived at this result by trans-
posing the words "shall be equally divided between" so as
to make them applicable to the children. While it is impos-
sible to assert with dogmatic certainty what the testator's
intention really was, we do not believe the language employed
warrants the interpretation given to it by the referee. Courts
may, it is true, transpose words and phrases, and read the
provisions of a will "in an order different from that in which
they appear in the instrument, insert or leave out provisions if
necessary, but only in aid of the testator's intent and purpose;
never to devise a new scheme or make a new will." (*Tilden*
v. *Green*, 130 N. Y. 29, 51, 52; *Trask* v. *Sturges*, 170
N. Y. 482; *Brown* v. *Quintard*, 177 N. Y. 75, 84.) The
difficulty with the learned referee's transposition is that it
constructs rather than construes, and that is not permitted.
That portion of the third clause now under consideration dis-
closes a clear intent to give to the testator's adopted daughter
a part of the remainder of the fund which had previously
been given to the widow for her use, but beyond that it is
so equivocal and uncertain that it cannot be made effective
without resorting to other parts of the will in aid of its con-
struction. When we look to other parts of the will, however,
and obtain a view of the testator's general testamentary scheme,

we think it becomes apparent that he intended to divide equally between his adopted daughter and his son the remainder of the fund of which his widow had the life use.

The will discloses that there were three persons for whom the testator would naturally wish to provide. These were his widow, his adopted daughter, Helen S. Eldridge, and his son, the appellant, Addison S. Stevens. In the first clause of the will he provided for the widow by giving her his house and lot and household furniture; in the third clause he gave her the use of $10,000, and in the fifth he gave her the use of $2,000 more. In the fourth clause he gave to his adopted daughter $4,000; in the fifth he gave her $2,000 more. It is apparent that he intended she should share in the remainder of the $10,000 at the death of the widow as provided by the third clause. The only expressed provision for the son was as residuary legatee. The expression "to be equally divided between my adopted daughter" in the third clause of his will, without naming any other person or persons, seems to indicate the testator's intention to divide the remainder of the $10,000 at the death of the widow between his adopted daughter and his only son in equal shares. The son was the only other person for whom his bounty seems to have been intended and that construction best accords with the testamentary scheme as disclosed by the will. But we have no power to completely effectuate that intention. The bequest was effectual to vest in the adopted daughter one-half of the balance remaining of the $10,000, and to that extent it can be sustained. The testator's failure to name his son as the recipient of the other half was fatal. We are powerless to supply the omission in this respect, and we must hold that the third clause of the will failed to dispose of one-half of the remainder of the $10,000.

But our lack of power to effectuate the intention of the testator in respect of the one-half of the sum intended for the son will make no practical difference in the ultimate disposition of the estate so far as the latter is concerned. As to the one-half of the remainder of the $10,000 which we think

was intended for the son, the third clause was void for uncertainty, and, under well-established principles, that part of the fund fell into the residuary estate, which, by the terms of the fifth clause, went to him. That part of the will is as follows: "I give and bequeath unto my son Addison S. Stevens after all of the above bequests are paid, all of the balance of my real and personal property." The general rule governing residuary legatees in this respect is quoted by Judge EARL in *Matter of Benson* (96 N. Y. 499, 509) from Williams on Executors (1044), where that learned author says: "When the residuary legatee is nominated generally, he is entitled in that character to whatever may fall into the residue after the making of the will by lapse, invalid dispositions, or other accident," and from 2 Redfield on Wills (442) to the effect "that it seems to be well settled that a residuary bequest as to personal estate carries not only every thing not attempted to be disposed of, but everything which turns out not to have been effectually disposed of as void legacies and lapsed legacies. A presumption arises in favor of the residuary legatee as to personalty against any other person except the particular legatee. The testator is supposed to have given it away from the residuary legatee only for the sake of the particular legatee." In *Carter* v. *Board of Education* (144 N. Y. 621) the residuary clause was quite similar to the one before us, and an invalid bequest was there held to have fallen into the residuary estate.

The necessary result from the foregoing views is that the adopted daughter, Helen S. Eldridge, is entitled to one-half of the sum remaining of the $10,000 legacy provided for in third clause of the testator's will, and that Addison S. Stevens is entitled to the other half. Under the decision of the referee he is entitled to the sum remaining of the $2,000 legacy provided for in the fifth clause for the use of the widow, as to which there is no question. It follows that of the total sum remaining of the $12,000 left for the use of the widow under the two clauses mentioned, the adopted daughter should have five-twelfths and the son seven-twelfths.

All the other questions raised by the appellant seem to have been correctly disposed of in the court below and require no discussion here.

The judgment appealed from should be modified in accordance with the views herein expressed, and as so modified affirmed, without costs of this appeal to either party.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT and CHASE, JJ., concur; O'BRIEN, J., absent; HISCOCK, J., not sitting.

Judgment accordingly.