Matter of the Petition of SUSAN M. MEAD to Obtain a Determination as to the Validity, Construction or Effect of a Disposition of Property Contained in the Last Will and Testament of WILLIAM C. MEAD, Deceased.

(Surrogate's Court, Saratoga County, May, 1921.)

Wills (holographic) — construction of — when bequest will not be cut down by a subsequent repugnant clause — annuities — when devise held to be in fee simple absolute — Real Property Law, § 153.

Testator by a will drawn by himself gave to his father and mother one-third in value of all the property of which he should die seized, any or all to be used or expended by them or the survivor of them as they should see fit, and in the event that both survived testator, so much of the property as should remain at the death of both his father and mother was

devised and bequeathed to testator's wife. The rest, residue and remainder of the estate was given to testator's wife to use as she saw fit, and so much thereof as remained at her death was devised and bequeathed to testator's daughter and by a·subsequent clause an annuity of $150 was directed to be paid to her until her marriage. *Held,* that under section 153 of the Real Property Law, which must govern, the devises of the real estate were in fee simple absolute.

The absolute estate in the personalty given to testator's father and mother was not cut down by the subsequent repug-·nant clause following such gift, and similar considerations apply to the gift of the remainder of the estate to testator's wife.

Placing the clause relating to the annuity before that of the gift to the wife of the remainder, substantial effect is given to the desire of the testator which was that his parents should receive one-third of the entire estate, that out of the balance the annuity should be provided and that his wife should receive the remaining balance.

PETITION for the construction of a will.

Brackett, Todd, Wheat & Wait, for petitioner.

H. E. McKnight, for Charles N. Mead and Anna M. Mead.

OSTRANDER, S. This is a petition for the construction of the will of deceased.

The will provides as follows:

"*First.* After my lawful debts are paid, I give, devise and bequeath to my father, Charles N. Mead and my mother, Mrs. Anna M. Mead * * * one third in value of all the property whereof I may die seized. Any or all of such property shall be used or expended by them or by the survivor of them as they shall see fit * * *. If both of them shall survive me, then so much of the said property as shall remain at the death of both of them I give, devise and bequeath to my wife, Susan M. Mead.

"*Second.* I give, devise and bequeath to my wife, Susan M. Mead, all the rest, residue and remainder

Misc.]    Surrogate's Court, Saratoga County, May, 1921.

of my property whereof I may die seized to use and expend as she shall see fit  *  *  *.  At her death or remarriage, I give, devise and bequeath to my daughter, Mary Marshall Mead, so much of said property as shall remain.

" *Third.* I direct that the sum of One hundred fifty Dollars ($150.) to be paid to my daughter Mary Marshall Mead, each year until her marriage  *  *  *.

" I hereby appoint my said wife, Susan M. Mead to be executrix of this my last Will and Testament."

So far as the will relates to real estate, section 153 of the Real Property Law, which provides that every power of disposition by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit is deemed absolute, must govern in this case.

So far as personalty is involved in the will, there is no express limitation upon the power of Charles N. Mead and Anna M. Mead to use one-third of the property bequeathed to them as they shall see fit.

They have ample power to dispose of one-third of the estate as they see fit.

If the will stopped there, an absolute devise and bequest is made of both realty and personalty.

Is this estate cut down by the subsequent provision in the same paragraph that if both parents survive him, and any of the property remain at the death of both, testator gives, devises and bequeaths such remainder to his wife?

It is a well settled rule of construction that when an interest is given or an estate conveyed in one clause of an instrument, it cannot be cut down or taken away by raising a doubt from other clauses, but only by express words or by clear and undoubted implication (*Freeman* v. *Coit,* 96 N. Y. 63); or as said by Judge O'Brien in *Goodwin* v. *Coddington,* 154

N. Y. 283, 286: " Whenever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention in that direction as the prior part does to make it."

To the same effect are *Clarke* v. *Leupp*, 88 N. Y. 228; *Roseboom* v. *Roseboom,* 81 id. 356, and numerous other cases.

In the present case, the final clause of the paragraph does not attempt to limit the power of the father and mother to use or expend the whole estate, but rather, by repetition emphasizes that power.

It is idle for the court to direct that any part of the property shall be kept for the widow after the death of the testator, in the face of the power of dominion over it, given by the earlier sentences of the paragraph.

If any effect can be given to this latter clause, it can be effective only as to such portion as the father and mother may choose to leave unexpended. This does not cut down the absolute estate given by the prior clauses. It is equivalent to saying I give this property to A absolutely but if he does not use it all, I give the rest to B. The gift of absolute dominion and the attempt thereafter to limit the incidents of this dominion by attempting to bequeath again what has already been given to and vested in another amount to repugnancy.

Similar considerations apply to the gift to Susan M. Mead, widow, by the 2d clause of the will.

The direction of the 3d clause is that an annuity be paid to his daughter until her marriage. There is no express trust created by this clause, no trust fund created, no trustee designated. In fact if the exact order of the language of the will be followed, there is nothing left undisposed from which to make such payment.

But it is a cardinal rule of construction that the real intent of the testator, if it can be discovered from the whole instrument, must be given effect.

The testator evidently drew his own will and was not skilled in the art. It is fairly plain that he intended to provide for his aged parents and for his daughter until her marriage, and to make his wife residuary legatee and devisee. His desire seems to have been to give to his parents one-third, *in value,* of *all* his estate; to his daughter an annuity of $150 until she married, and to his wife, the residuary.

It will be noted that he does not, in terms, give to his wife *two-thirds,* as he gave to his parents *one-third,* in value of his whole estate, but only the residuum.

If the order of the provisions be transposed, so as to place the third before the second, substantial effect will be given to all his desires.

This leads to the construction that his parents receive one-third of the whole estate, that out of the balance the annuity to his daughter be provided, and that his wife receive the balance.

Decreed accordingly.