In the Matter of the Estate of DAVID L. DAVIES, Deceased.

JOSEPH J. DAVIES, Appellant; CITIZENS TRUST COMPANY OF UTICA, Respondent.

Decedent's estate — debtor and creditor — real property — sale of real property to pay debts of decedent — devise of estate for life with absolute power of disposition constitutes, as to rights of creditors and purchasers, a gift of " fee absolute "— sale for debts not confined to lifetime of debtor.

1. Where rights of creditors to sell real property for payment of the debts of a decedent are based upon section 149 of the Real Property Law, providing " where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts," in order to avail themselves of its provisions creditors must show, *first*, that the decedent received an absolute power of disposition within the meaning of the statute; and *second*, that the future estate limited upon the death of the life tenant is subject to any right which creditors may have to sell the decedent's property after his death.

2. Where a will devised real property to one for use during his natural life, giving him full powers to expend the principal, income, interest, rent and profits as he might see fit, with remainder upon his death of any part unexpended to a third party, the power to so dispose of the property, being subject to no trust or condition, was clearly " absolute " within the statutory definition.

3. In respect to the rights of creditors and purchasers the particular estate was changed into a " fee absolute " subject to the future estate only " in case the power of absolute disposition is not executed and the property is not sold for the satisfaction of debts." There is no provision in the statute that a sale for debts must be made in the lifetime of the debtor and none will be implied. The clearly expressed intent of the Legislature was that in respect to the right of creditors the estate of the debtor was to be treated as a fee absolute; the debts of the holder of the particular estate were to be satisfied out of the property and future estates were to take effect only in case the property was not sold. The death of the debtor does not detract from the validity of the debt or from the strength of the claim of the creditor.

*Matter of Davies*, 215 App. Div. 750, affirmed.

(Argued January 12, 1926; decided February 24, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 11, 1925, which affirmed a decree of the Oneida County Surrogate's Court directing a sale of real property belonging to the estate of David L. Davies, deceased, for the purpose of payment of his debts.

*Richard R. Martin* for appellant. The remedy given to creditors under the provisions of section 149 of the Real Property Law is available only during the lifetime of a debtor and afforded no basis for the application of petitioner for the sale of the real property in question for the payment of the debts of David L. Davies under section 233 of the Surrogate's Court Act. (*Cutting* v. *Cutting*, 86 N. Y. 522; Fowler on Real Property [3d ed.], 651.) " Absolute power of disposition " of the premises in question was not given to David L. Davies under the will of Fannie Eliza Davies, and section 149 of the Real Property Law for that reason has no application to the same. (*Jackson* v. *Edwards*, 22 Wend. 498; *Ackerman* v. *Gorton*, 67 N. Y. 63; *Crooke* v. *County of Kings*, 97 N. Y. 421; *Coleman* v. *Beach*, 97 N. Y. 545; *Simmons* v. *Taylor*, 19 App. Div. 499; *Swarthout* v. *Ranier*, 143

N. Y. 499; *Terry* v. *Rector, etc., St. Stephen's Church*, 79 App. Div. 527; *Matter of Briggs*, 101 Misc. Rep. 191; 223 N. Y. 677; *Terry* v. *Wiggins*, 47 N. Y. 512; *Thomas* v. *Wolford*, 49 Hun, 145.)

*Henry T. Dorrance* for respondent. David L. Davies became vested with the full fee and ownership to the property in question as against his creditors under section 149 of the Real Property Law of the State of New York. (*Matter of Barney*, 207 App. Div. 25; 239 N. Y. 584; *Matter of Briggs*, 101 Misc. Rep. 191; 223 N. Y. 677; *Furniss* v. *Cruikshank*, 230 N. Y. 495; *Hodgman* v. *Cobb*, 202 App. Div. 259; *Brown* v. *Farmers Loan & Trust Co.*, 51 Hun, 386; 117 N. Y. 266; *Leonard* v. *American Baptist Home Missionary Society*, 35 Hun, 290; *Farmers' Loan & Trust Co.* v. *Kip*, 120 App. Div. 347; 192 N. Y. 266; *Barr* v. *Howell*, 85 Misc. Rep. 330; *Tillman* v. *Ogren*, 227 N. Y. 495.) The deed from David L. Davies, as executor, to David L. Davies, individually, vested the full fee in David L. Davies, as against his creditors. (*Cahill* v. *Russell*, 104 N. Y. 402; *Seaward* v. *Davis*, 198 N. Y. 415; *Read* v. *Knell*, 143 N. Y. 484; *Phillips* v. *Pike*, 121 App. Div. 753; *Hubbard* v. *Gilbert*, 25 Hun, 596; *Farmers' Loan & Trust Co.* v. *Kip*, 120 App. Div. 347; 192 N. Y. 266; *Scheer* v. *Long Island Railroad Company*, 127 App. Div. 267.)

LEHMAN, J. David L. Davies died on the sixth day of February, 1924. At the time of his death he owed various creditors the aggregate amount of $65,972.88. Substantially all the debts of the decedent are based upon liability incurred through his personal indorsement of the notes of a corporation of which he was treasurer. His personal estate is insufficient to pay his just debts. Consequently the Citizens Trust Company of Utica has obtained a decree for the sale of his real property in accordance with the provisions of section 233 of the

1926.]     Opinion, per LEHMAN, J.     [242 N. Y. 196]

Surrogate's Court Act.   The decree is challenged upon the ground that the decedent owned no "real property," within the meaning of that term as used in that section, which is subject to sale after his death.

The evidence establishes and the surrogate has found that in May, 1908, Fannie Eliza Davies, wife of the decedent, died leaving a last will and testament which contained the following provision: " I direct that as soon as may be my estate shall be divided into two equal parts.   One part I give, devise and bequeath to my husband David L. Davies for use during his natural life, giving him full power to expend the principal, income, interest, rent and profits as he may see fit, upon his death such part of the principal, income, interest, rent and profits as may be unexpended, I direct shall be paid to my son Joseph Jones or his issue."   The will further provided that the house in which the testatrix resided should be included in the one-half of her estate set aside for her husband.   The remaining one-half of her estate the testatrix bequeathed to her son and she named her husband as executor under her will.

David L. Davies thereafter entered into an agreement with the son for the division of the estate into two parts and the house in which the testatrix and David L. Davies had resided was included in the part set aside for him. The agreement stated that this part shall be held by him " in accordance with the terms of the will " but thereafter David L. Davies made a deed of the house from himself as executor to himself as an individual.   This deed, of course, gave him no greater rights to the property than he previously had received under the will.   As executor he was given no power to convey the property; as legatee he received a life interest therein with power " to expend the principal as he may see fit " and even though the power to expend was untrammeled by any conditions, it did not include the right to transfer it to himself so that he might hold it in fee absolute.   At the time of his

death he still held it " according to the terms of the will " as he had agreed to do.

Section 149 of the Real Property Law (Cons. Laws, ch. 50) provides: " When estate for life or years is changed into a fee.— Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts."

The creditors' rights are based upon this section. In order to avail themselves of its provisions they must show, *first,* that the decedent received an absolute power of disposition within the meaning of the statute; *second,* that the future estate limited upon the death of the life tenant is subject to any right which creditors may have to sell the decedent's property after his death. We are of opinion that the courts below have correctly decided that the creditors have successfully established both of these matters.

Section 153 of the Real Property Law provides that " Every power of disposition by means of which the grantee is enabled, in his life time, to dispose of the entire fee for his own benefit, is deemed absolute." The will of Fannie Eliza Davies gave her husband the right to expend the principal of the property bequeathed to him for life. If he saw fit to expend it, he could do so only by " disposing " of it; and such disposition would of course be for his own benefit. Since the power to so dispose of the property was subject to no trust or condition, it was clearly " absolute " within the statutory definition.

A life estate coupled with a power of sale in the life tenant to dispose of the fee for his own benefit gives to the life tenant practically the same right of enjoyment and

power of disposition as a fee of the same property. Refined distinctions have been drawn before the incidents of such title were fixed by the Revised Statutes. It was felt that where such refinements left creditors or purchasers helpless while the life tenant continued to enjoy the practical advantages of full ownership, the result was palpably unjust. For that reason the provisions which are now part of the Real Property Law were enacted. In respect to the rights of creditors and purchasers the particular estate was not merely assimilated to a fee but in the words of the statute was " changed into a fee absolute." No proceedings in court were necessary to make that change; by virtue of the statute itself the particular estate became a fee absolute. (See notes of the original Revisers.) That fee absolute was subject to a future estate limited thereon only " in case the power of absolute disposition is not executed and the property is not sold for the satisfaction of debts." The rights of creditors in respect to property owned in fee absolute by their debtor can be made effective only by sale of the property for the satisfaction of the debts. Those rights may ordinarily be enforced by sale even after the death of the debtor through proceedings authorized by the Surrogate's Court Act. Since in respect to those rights, by virtue of the statute, the decedent debtor's estate had before his death become changed into a fee absolute, the creditors may compel the sale of the property after his death unless we add to the express provision of the statute that the fee absolute was " subject to any future estate limited thereon in case  *  *  *  the property is not sold for the satisfaction of debts," an implied provision that such sale must be made in the lifetime of the debtor.

It does not seem to us that such provision may be implied fairly. The clearly expressed intent of the Legislature was that in respect to the right of creditors the estate of the debtor was to be treated as a fee absolute;

the debts of the holder of the particular estate were to be satisfied out of the property and future estates were to take effect only in case the property was not sold.   The rights of creditors were made superior to any future estate limited on the debtor's particular estate.   The mischief which the statute sought to end was that sometimes refined distinctions between an estate in fee and a particular estate which gave the holder practically all the benefits of ownership in fee defeated just claims of creditors.   The statute used apt language to effectuate this purpose completely.   We should not read into the statute words not used by the Legislature which would defeat the purpose of the statute in part.   The death of the debtor does not detract from the validity of the debt or from the strength of the claim of the creditor that the debt should be paid out of property which the debtor enjoyed and controlled and which he could apply to payment of his debts.   It should not add to the rights of the holder of the future estate which could be defeated by sale of the property to satisfy the debts.

For these reasons the order of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.