CARROLL v. ADAMS et al.

(Supreme Court, Special Term, Dutchess County.   July 13, 1907.)

1. WILLS—HOLOGRAPHIC WILLS—CONSTRUCTION.
    Where testatrix executed a holographic will, by which she divided her
    estate into three parts and gave the first to the children of her sister
    A., deceased, and the second to her sister D., deceased, the bequest of the
    second share did not fail because D. was dead at the time the will was
    made, but such share passed to D.'s children.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 981.]

2. SAME—CREATION OF TRUST—PRECATORY WORDS.
    Testatrix directed that the remainder of her property be divided into
    three shares, one of which was to go to M., for her to divide as she thought
    best with her mother, sister, and four brothers.  The other provisions of
    the will showed that it was testatrix's purpose to devise her property to
    her nephews and nieces, the children of her deceased brothers and sisters.
    *Held*, that the bequest to M., though precatory in form, was imperative in
    intent, and that M. held the share of the estate bequeathed to her for
    herself, her mother, her sister, and her brothers in equal shares.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1587.]

Action by James E. Carroll, committee, etc., of Ferris Mead, an incompetent person, against Asa Adams, impleaded with others, to construe a will.   Judgment for plaintiff.

James L. Williams and Charles L. McCann, for plaintiff.

George Wood, Daniel Dugan, James G. Meyer, and F. S. Barnum, for defendant Adams.

MORSCHAUSER, J   The will mentioned in the complaint herein was drawn by decedent and was executed by her on the 7th day of August, 1906.   In this holographic will the testatrix intended that the children of Rebecca A. Dean should take the devise wherein she says: "I give the second share to my sister Rebecca A. Dean, deceased." At the time the will was made and executed, Rebecca A. Dean was deceased, of which fact the testatrix had knowledge.   She could not have intended to make a devise to one deceased.   The will reads:

"Be divided in three equil parts the first I give to the Children of my Sister Sarah J. Adams deceased and the second share to my sister Rebecca A. Dean deceased the third share I give to the children of my brother Horac Mead deceased to my six nieces my wearing apparel and jewelery."

She intended by this to mean the children of Rebecca A. Dean, deceased.   Mr. Justice Werner, in Leggett v. Stevens, 185 N. Y. 77, 77 N. E. 876, says:

"Courts may, it is true, transpose words and phrases, and read the provisions of a will 'in an order different from that in which they appear in the instrument, and insert or leave out provisions, if necessary, but only in aid of the testator's intent and purpose—never to devise a new scheme or make a new will.'   Tilden v. Green, 130 N. Y. 29, 51, 52, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487; Trask v. Sturges, 170 N. Y. 482, 63 N. E. 534; Brown v. Quintard, 177 N. Y. 75, 84, 69 N. E. 225."

The testatrix in her will disposes of all the remainder of her property as follows:

"The remainder of my property both real and personal I direct to be divided into three shares, one share to my brother Horace' daughter Ida Mank

for her to divide as she thinks best with her mother Fraces Mead and sister Anna and four brothers the second share to the Children of my Sister Sarah J. Adams deceased and one share to the children of my sister Rebecca A. Dean, deceased."

By this it will be observed that the children of her sister Sarah J. Adams, deceased, received one share, and the children of her sister Rebecca A. Dean, deceased, receive one share, but in relation to her brother Horace's children she leaves it to Ida Mank for her to divide. The whole scheme of the will seems to have been the purpose of testatrix to devise her property to her nephews and nieces, the children of her deceased brother and sisters. I think the intention of the testatrix must always be sought after. It has been the object of the courts in this state to seek after and ascertain what the clear intent of the testatrix is when the will is made. She intended to provide for her brother's and sisters' children, and I think that she intended that Ida Mank should divide this one-third of the remaining estate with her mother, Frances Mead, her sister, Anna, and her four brothers, equally. In Collister v. Fassitt, 163 N. Y. 286, 57 N. E. 491, 79 Am. St. Rep. 586, Mr. Justice Bartlett says:

"It is a trite saying that no will has a brother, and it may also be said that the citation of numerous authorities, in most instances, is of little assistance of the court, as each will must be construed in the light of peculiar surrounding circumstances, the scheme disclosed, the language employed, and the intention of the testator, gathered from the general situation."

In Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138, Mr. Justice Matthews said:

"If there be a trust sufficiently expressed and capable of enforcement by a court of equity, it does not disparage, much less defeat, it to call it 'precatory.' The question of its existence, after all, depends upon the intention of the testator, as expressed by the words he has used, according to their natural meaning, modified only by the context and the situation and circumstances of the testator when he used them. On the other hand, the language employed may be imperative in fact, though not in form, conveying the intention of the testator in terms equivalent to a command, and leaving to the legatee no discretion to defeat his wishes, although there may be a discretion to accomplish them by a choice of methods, or even to define and limit the extent of the interest conferred upon his beneficiary."

Judgment accordingly.