In the Matter of the Final Judicial Settlement of the Account of THOMAS J. McCAHILL, JR., as Executor, etc., of THOMAS J. McCAHILL, Deceased.

FRANCES A. McCAHILL, Appellant; THOMAS J. McCAHILL, JR., as Executor, and Another, Respondents.

Second Department, July 28, 1916.

Will — construction — life estate created by possession of real property and right to rents and profits.

A testator gave to his daughter "the sum of Two hundred and fifty ($250) Dollars per month during her natural life as agreed upon in a separate contract executed by me." Held, that the words "as agreed

---

* The following is the opinion of Mr. Justice HASBROUCK :

HASBROUCK, J.: The Constitution clearly contemplates that all appointments and promotions shall be made according to merit and fitness to be ascertained by competitive examination. (Hale v. Worstell, 185 N. Y. 252.) There was an examination held for the office of county superintendent of highways of Westchester county, carrying a salary of $2,500.   When the place was filled the salary was changed from $2,500 to $5,000.   The qualifications necessary to fill a position of such importance and remuneration should be determined by the Civil Service Commission.   To allow an appointment to be made after an examination for a salary of $500 a year and then have the appointing power fix it at $10,000, would be to set at naught the principles of our Civil Service Law.   The State should have the character of service for which it pays.   When it pays $5,000 it should have $5,000 worth of services.   It cannot expect to receive such service as the result of an examination based upon an advertisement for a $2,500 position. There has been no examination held for a $5,000 position.   We think the Civil Service Commission is justified in refusing its certificate.

upon in a separate contract executed by me" were used by the testator for the express purpose of limiting the entire amount to be paid to his daughter to the sum of $250 a month during her lifetime.

Where a testator provided in his will that at the death of his son all his real and personal estate should be given to a grandson when the latter reached the age of twenty-one years, and the son was given the possession of the real estate and of the rents and profits thereof, and power of sale for the benefit of the grandson, there was created a life estate under section 92 of the Real Property Law.

If the son should die before the grandson reaches the age of twenty-one years, the income accumulated up to that time would pass to the grandson.

APPEAL by Frances A. McCahill from so much of a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 21st day of December, 1915, as adjudged that the $250 per month directed to be paid her by the will was not in addition to the amount of $250 a month agreed to be paid to her by the deceased by a contract dated September 30, 1909; that Thomas J. McCahill, Jr., has a life estate in the realty under the will and that no trust is created thereby.

*Fallon & Smith*, for the appellant.

*Jerome A. Peck* and *Frederick G. Schmidt*, for the respondent Thomas J. McCahill, Jr.

*Arthur I. Strang*, special guardian, for the respondent Thomas J. McCahill, 3d.

Decree of the Surrogate's Court of Westchester county affirmed, with costs to the respondent executor, upon the opinion of the surrogate in the court below.

JENKS, P. J., THOMAS, CARR, RICH and PUTNAM, JJ., concurred.

The following is the opinion of the surrogate:

WILLIAM A. SAWYER, Surrogate:

It seems very clear to me that the testator did not intend to give to his daughter Frances any sum in addition to the $250 agreed to be paid by him by the agreement in writing dated

September 30, 1909.   By the 2d clause of the will he limits the entire sum to be paid to $250 a month during her lifetime. Said clause of the will reads as follows:

" *Second.* To my sister Ellen, I give the sum of One hundred ($100) Dollars per month during her life, this to be in lieu of all claims against my estate, and to my daughter Frances A. McCahill the sum of Two hundred and fifty ($250) Dollars per month during her natural life as agreed upon in a separate contract executed by me.   Both the above payments of One hundred ($100) Dollars and Two hundred and fifty ($250) Dollars per month to be paid out of the rents of the Third Avenue Theatre."

The words " as agreed upon in a separate contract executed by me " were used by the testator for the express purpose of limiting the entire amount to be paid to the sum of $250 a month during her lifetime.

The attorney for the executor claims there is no trust created under the will of the testator and that Thomas J. McCahill, Jr., has a fee absolute in the property devised.   His contention would probably be correct if there was a power of disposition under the will for the benefit of Thomas J. McCahill, Jr.

While he may sell, he cannot sell for his own benefit; he must sell for the benefit of his son.   See 3d and 6th clauses of the will.   There is no power of disposition.

Under the 6th clause of the will the testator uses the following language: " *At the death of my son,* I give devise and bequeath to my grandson, Thomas J. McCahill ' Tertius ' all my real and personal estate mentioned in this my Will when he reaches the age of Twenty-one (21) years."

Clearly the testator intended his son to have a life estate with the remainder over to the grandson Thomas J. McCahill " Tertius," the said life estate to be charged with the annuities mentioned in the 2d clause of the will and bequest mentioned in the 4th clause of the will.

As the son is entitled to the possession of the real estate and also the rents and profits he makes a life estate by virtue of the statute and there is no trust created under the will.

Section 92 of the Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52) reads as follows: " Every person, who,

by virtue of any grant, assignment or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest; but this section does not divest the estate of the trustee in any trust existing on the first day of January, eighteen hundred and thirty, where the title of such trustee is not merely nominal, but is connected with some power of actual disposition or management in relation to the real property which is the subject of the trust." (See, also, *Rose* v. *Hatch*, 125 N. Y. 427.)

It may be that the son may die before the grandson reaches the age of twenty-one years; if so, the income accumulated up to that time would pass to the grandson, the residuary devisee and legatee. (*Cochrane* v. *Schell*, 140 N. Y. 516.)